Lamb v. Finch.

ORVILLE R. LAMB ET AL., APPELLANTS, V. EDWIN A. FINCH
ET AL., APPELLEES.

FILED SEPTEMBER 26, 1910. No. 16,135.

1. **Venue:** ACTION TO RECOVER MONEY. In an action for the recovery
of money, when the defendant is a non-resident of the state,
where it does not appear that there is property of, or debts owing
to, the defendant in the county where such action is brought,
such action cannot be instituted before the defendant enters the
county.

2. ———: ———. In such a case the rule as to residents and non-
residents is the same.

APPEAL from the district court for Perkins county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*B. F. Hastings,* for appellants.

*Wilcox & Halligan, contra.*

FAWCETT, J.

On May 25, 1908, plaintiffs filed their petition and
precipe for summons in the district court for Perkins
county. On the same day summons was issued and deliv-
ered to the sheriff for service. On May 28 the summons
was served upon defendant Edwin A. Finch. Defendant
appeared specially and objected to the jurisdiction of the
court over the person of defendant for the reasons: (1)
That defendant is a resident of the state of Colorado, and
was not within Perkins county nor the state of Nebraska
at the time that the petition was filed; (2) that he was
not in the said county or state at the time the summons
was issued. The objections are supported by uncontra-
dicted affidavits which fully establish defendant's conten-
tion. The district court sustained the objections to juris-
diction, and, plaintiffs electing to stand upon the service
had, dismissed the action with costs. Plaintiffs appeal.

Defendant relies upon *Coffman v. Brandhoeffer,* 33
Neb. 279; *Davis v. Ballard,* 38 Neb. 830; *Hoagland v. Wil-*

*cox,* 42 Neb. 138, and *Hanna v. Emerson, Talcott & Co.,*
45 Neb. 708. Plaintiffs rely upon section 59 of the code
and *Adair County Bank v. Forrey,* 74 Neb. 811. We are
unable to find anything in the *Forrey* case that will aid
plaintiffs in this. The question in that was whether in
an action against two or more nonresident defendants, and
service was properly obtained on one of them in one
county, the summons could be sent to another county for
service upon the others. We held that it could, and
that "a nonresident of the state who may be found therein
is as liable to service as a resident." We think the con-
verse of that is equally true, viz.: A nonresident of the
state is not more liable to service than a resident, where
the service is attempted to be made under that clause of
section 59 of the code which provides that an action may
be brought against a nonresident in any county in which
there may be property of, or debts owing to, said defend-
ant, "or where said defendant may be found." Section
60, upon which defendant's authorities are predicated,
provides: "Every other action (than those enumerated in
sections 51 to 59 inclusive) must be brought in the county
in which the defendant, or some one of the defendants,
resides, or may be summoned." The difference between
sections 59 and 60 is in phraseology merely, and not in
substance. The meaning in each is that an action may
be brought in any county where the defendant resides or
may be found and summoned. So far as this provision
for bringing an action is concerned, the legislature has
not made any distinction between residents and non-
residents, and we cannot make any. The fact that the
legislature in section 59 has given other grounds for bring-
ing an action against a nonresident cannot be held to have
either enlarged or restricted the one under consideration.
It follows that, this action having been brought and sum-
mons issued before defendant entered the state, the service
was ineffectual to give the court jurisdiction of the person
of defendant. The action was therefore properly dis-
missed. See defendant's citations *supra.*

                                            AFFIRMED.