TRAVELERS INSURANCE COMPANY OF HARTFORD, APPELLEE, v. WALTER J. SAWICKI ET AL., APPELLEES: CHRISTIAN C. HANSEN ET AL., APPELLANTS.

FILED DECEMBER 16, 1931. No. 28005.

*Badham & Pedersen, B. J. Cunningham* and *Edgar B. Zabriskie,* for appellants.

*Lanigan & Lanigan* and *F. B. Goudy, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and LESLIE, District Judge.

PER CURIAM.

This is an appeal from an order overruling motion by defendants to vacate an order appointing a receiver in an action for foreclosure of a real estate mortgage.

The record discloses that the decree of foreclosure was entered June 25, 1930, and that a receiver was appointed November 10, 1930. The order appointing the receiver recites:

"This cause came on for hearing in open court on the application of the plaintiff for the appointment of a receiver, and the court being fully advised in the premises finds that due and legal notice of hearing on said application has been had on the defendants. * * *

"On consideration of the pleadings and the evidence the court finds that the allegations of plaintiff's application are true and that the mortgaged premises are insufficient in value to pay said mortgage indebtedness," etc.

On January 27, 1931, defendant Hansen filed a motion to vacate and set aside the order appointing a receiver, on the grounds "that no legal service of notice of a hearing (was) had upon this defendant or his attorney of record,

provided by statute," and that the receiver was an interested party and an improper person to be appointed. The journal entry overruling the motion shows that the motion was submitted to the court upon the evidence.

There is no bill of exceptions. We are not advised as to what evidence was presented to the court either upon the application for the appointment of a receiver or upon the motion to vacate. There may have been evidence showing that defendants, at the hearing on the application for appointment of a receiver, appeared and resisted the appointment; in fact, there improperly appears in the transcript certain affidavits indicating that such was the fact; or the evidence may have indicated that defendants had been duly served with notice of the hearing or had waived such notice. We are unable to say what the fact is.

A finding of fact by the trial court, based upon evidence, cannot be reviewed in the absence of a bill of exceptions; but it will be presumed that the finding is supported by sufficient evidence.

The record presented discloses no error in the court's ruling on the motion. The order is

AFFIRMED.