STATE, EX REL. C. A. SORENSEN, V. STATE BANK OF RAVENNA, E. H. LUIKART, RECEIVER, APPELLEE: DAVID F. JUNGLES, INTERVENER, APPELLANT.

FILED JUNE 8, 1934. No. 29083.

*Lloyd W. Kelly* and *B. J. Cunningham,* for appellant.

*James L. Brown, F. C. Radke* and *Barlow Nye, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and THOMSEN, District Judge.

DAY, J.

David F. Jungles filed a petition of intervention in the above case to secure an adjudication of his claim against the insolvent bank. The trial court entered a judgment dismissing the case, and the intervener appeals.

The business transactions out of which this claim arose occurred about twelve years ago. The bank was adjudged insolvent in 1931. The hearing on this petition for intervention was set for trial in the district court on September 22, 1933. The intervener filed a motion for a continuance, which was overruled, the court finding that it was "for dilatory purposes and not in good faith." The intervener did not see fit to try the case, and the petition of intervention was dismissed. The question presented in this appeal involves the correctness of the trial court's judgment in overruling the motion for a continuance. In order to determine this question, it is necessary to examine the evidence. There is no bill of exceptions in this case. In a very recent case, this court said: "The only question which can be presented on appeal to the supreme court in a civil action, in the absence of a bill of exceptions, is the sufficiency of the pleadings to support the judgment." *Doon v. Adcock, ante,* p. 335. "Where there is no proper bill of exceptions in the record, a question will not be determined which requires consideration of evidence which has not been made a part of the record." *Patterson v. Kerr, ante,* p. 73.

It has been contended by the appellant that, since the affidavits setting forth the facts upon which this issue was decided are included in the transcript, they should be considered. However, this court has taken the position that affidavits in support of a motion, not included in the bill of exceptions, will not be considered by this court. *First Trust Co. v. Glendale Realty Co.,* 125 Neb. 283. There is sound reason for this rule, since it is contemplated that the trial judge shall settle the bill of exceptions and certify to this court the evidence upon which issue was determined. If the rule were not so, new issues could be presented in this court.

We are therefore unable to review the ruling on the motion for a continuance for that it requires an examination of evidence which has not been preserved in a bill of exceptions. "Finding of fact or ruling upon motion,

based upon evidence, is presumptively supported by evidence, in absence of bill of exceptions." *Travelers Ins. Co. v. Sawicki,* 239 N. W. 726 (122 Neb. 108). The judgment of the trial court is presumed to be correct.

AFFIRMED.