GENEVIEVE BERG, APPELLEE, V. J. M. GRIFFITHS, APPELLANT.*

FILED JUNE 29, 1934. No. 28756.

*Chambers & Holland, Joseph C. Reavis* and *C. Russell Mattson,* for appellant.

*John C. Mullen, contra.*

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LESLIE and RYAN, District Judges.

RYAN, District Judge.

This case was argued and submitted upon a motion for rehearing, our former opinion being reported in 126 Neb. 235. The facts will be found stated in the opinion there reported. In that opinion the case was reversed and remanded for a new trial because of the failure of an incompetent juror to disclose his ineligibility because of age when examined by the trial court. Neither in the briefs filed nor in the argument of counsel was it disclosed that the affidavits and other evidence relied upon by the appellant were not included in the bill of exceptions. The record is bound in one volume and the writer, who also wrote the opinion above referred to, inadvertently overlooked the fact that the affidavits and birth certificate had merely been filed with the clerk and included in the tran-

*Footnote—On rehearing, former opinion, reported in 126 Neb. 235, vacated, and judgment of district court affirmed.

script and were not made a part of and included in the bill of exceptions.

It has been the settled law of this state that error must affirmatively appear of record and that affidavits and other written documents used as evidence on a hearing in the district court cannot be considered by the supreme court unless they are made a part of the record by being embodied in a bill of exceptions. *McMurtry v. State,* 19 Neb. 147; *Burke v. Pepper,* 29 Neb. 320; *McCarn v. Cooley,* 30 Neb. 552; *Beard v. Ringer,* 41 Neb. 831; *Beers v. State,* 24 Neb. 614; *Korth v. State,* 46 Neb. 631; *Norfolk Nat. Bank v. Job,* 48 Neb. 774; *Stansbury v. Storer,* 70 Neb. 603; *Palmer v. Mizner,* 70 Neb. 200.

Complaint is also made that the verdict is excessive. Plaintiff was a school teacher, 26 years of age. Her injuries consist in a cut across the inside of her right wrist, about three inches in length, which severed the tendons controlling three fingers of her hand. Two of the fingers are weakened and practically useless. These are the little finger and the ring finger. She has no control over them. The cut on her wrist left an ugly scar, which bulges out in the upper side when the hand is closed.

Plaintiff is a rural school teacher and this disability to her hand is a considerable handicap in her work. It bothers her in writing and in doing the janitor work which rural school teachers are required to do. She testified, at the time of the trial, that she still suffered some pain occasionally and a great deal of inconvenience. Her salary was not reduced by reason of the disability which, according to the testimony of the doctors, is a 50 per cent. disability and is permanent.

The verdict of the jury was in the sum of $4,683.33. As has often been said, there is no hard and fast rule for the measuring of damages. It is true that the plaintiff up to the time of the trial had not suffered any particular pecuniary loss, outside of about three weeks' disability and a doctor bill of about $100. Her salary has been reduced from $90, which she was earning at the time of the ac-

cident, to $70 a month at the time of the trial, but this was due to the generally prevalent condition commonly referred to as "the depression," and not to the disability resulting from the accident. She has, however, suffered a substantial injury and an injury which will continue to handicap her through life. She is a young woman. This partially disabled hand will prevent her from following many lines of avocation. It will handicap her in rising in her profession. Should she marry, it would be a handicap to her as a housewife. Unquestionably it would be a handicap to her chances of marriage. This court held in *Lewis v. Miller*, 119 Neb. 765, where the injuries resulted in paralysis of two fingers of the right hand and no sensation or feeling in the ulnar side of the ring finger and where considerable pain was suffered, that a verdict of $4,000 was not excessive. That is the only case, out of a large number cited to us, where the injuries were similar to the injuries sustained here. The jury, who under the law are the judges of the amount of damages in the first instance, have returned their verdict. The trial court, who saw the plaintiff and observed her condition and the extent of her injuries, has not seen fit to require a remittitur. We do not feel that we would be justified in disturbing the amount of the judgment as entered by the trial court.

Former opinion set aside and vacated and judgment affirmed.

JUDGMENT ACCORDINGLY.