WALTER HARMER, APPELLANT, v. C. E. PETERSEN ET AL., APPELLEES.

37 N. W. 2d 511

Filed May 19, 1949. No. 32620.

*John L. Mattox*, for appellant.

*Otto H. Wellensiek*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Walter Harmer brought this action in the district court for Otoe County against Clarence E. Petersen, Adolph H. Weible, Levi A. Wilcox, and Forrest R. Johnston. The purpose of the action is to recover damages because of injury to plaintiff's lands. The basis for such recovery is the claim that defendants were negligent in moving a bridge and reconstructing the channel of a creek on a public road adjacent to plaintiff's lands, which change resulted in injury thereto.

Each of the defendants demurred separately and included in his demurrer the ground that the facts stated in plaintiff's petition, as amended, are not sufficient to constitute a cause of action against him. The trial court sustained these separate demurrers for that reason. From the order dismissing his action, his motion for new trial having been overruled, the plaintiff appeals to this court.

The parties will be herein referred to as they appeared in the trial court.

The petition, as amended, alleges as follows: That the defendants were, during the time herein material, qualified county commissioners of Otoe County; that as such county commissioners there was imposed upon them by law the duty to construct and maintain the public roads and bridges within Otoe County and the waterways appertaining thereto; that plaintiff is the owner of the south half of the northwest quarter and the north half of the southwest quarter of Section 5, Township 9, Range 11, in Otoe County, Nebraska; that running north and south along the west side of these lands there is a public road; that on said road there is a bridge over a creek; that this creek flows east across plaintiff's lands; that in the fall of 1945 the defendants Petersen, Johnston, and Weible, acting in their capacity as county commissioners, caused the bridge to be moved to and reconstructed at a location on the road further to the north; that they caused a new channel to be made thereunder for the flow

of the water, thereby diverting the waters from its former channel; that the water of the creek thereafter cut a new channel through plaintiff's lands approximately one-eighth of a mile long; that the new channel is now from one to three rods in width and from three to ten feet deep; that six acres of plaintiff's lands have been thereby rendered unfit for agricultural or any other purposes; that two acres lying between the old and new channel of the creek are inaccessible during most of the year; and that on about ten acres the topsoil has been washed thereby materially reducing its value.

Plaintiff alleges that the defendants' acts in causing the bridge to be moved and the channel thereunder to be reconstructed so as to cut a new channel across his lands were negligent and the proximate cause of the injury to his lands and that his lands were thereby damaged to the extent of $4,000. He asks judgment against each and all of the defendants for that amount.

The question raised by this record is, can county commissioners be held personally liable for any damages resulting from negligently performing the duties imposed upon them by virtue of their office?

"* * * a public officer is not liable to an action if he acts unwisely in a matter wherein it is his duty to exercise judgment and discretion, even though a private person may be damaged thereby. This rule is particularly applicable to officers in control of highways, for the reason that their operations touch the property of so many persons that, if not exempt, they might be constantly harassed. McConnell v. Dewey, 5 Neb. 385; Kendall v. Stokes, 44 U. S. *87, 11 L. ed. 506; Upham v. Marsh, 128 Mass. 546; Denniston v. Clark, 125 Mass. 216; Highway Commissioners v. Ely, 54 Mich. 173; Dean v. Millard, 151 Mich. 582; Packard v. Voltz, 94 Ia. 277. As was well said in Yealy v. Fink, 43 Pa. St. 212, 82 Am. Dec. 556: 'It is of the utmost importance that officers intrusted with such powers be protected in exercising them, without being terrified with the apprehension of personal

responsibility, if their acts should result in harm to any private property.'" Wilson v. Spencer, 91 Neb. 169, 135 N. W. 546.

As stated in Pester v. Holmes, 109 Neb. 603, 191 N. W. 709: "The road overseer, being an officer of the township and acting under its authority, stood in the shoes of the township and was not liable for negligence in the performance of the work. McConnell v. Dewey, 5 Neb. 385; Wilson v. Spencer, 91 Neb. 169; Gibson v. Sioux County, 183 Ia. 1006."

As stated in Wilbrecht v. Babcock, 179 Minn. 263, 228 N. W. 916: "The commissioner of highways is required by law to locate, construct and maintain the state highways, a duty requiring the exercise of judgment and discretion, and is not personally liable for acts done in performing that duty, unless done corruptly or maliciously."

Under these principles the facts pleaded do not state a cause of action against these defendants and their demurrers were therefore properly sustained. The action of the trial court is affirmed.

AFFIRMED.