MARK W. STANLEY, APPELLEE, V. FRANCES STANLEY, APPELLANT.

50 N. W. 2d 558

Filed January 4, 1952. No. 33047.

Baskins & Baskins, for appellant.

Crosby & Crosby, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

An action was instituted in the district court for Lincoln County, Nebraska, on April 28, 1949, by Mark W.

Stanley, plaintiff, against Frances Stanley, defendant, for divorce. On July 15, 1949, a decree was entered granting the plaintiff a divorce and the custody of a minor child of the parties. The child was born February 6, 1948. Its name is Mark Allen Stanley. On November 8, 1950, the defendant filed a petition in the action wherein she prayed for an order modifying the decree by granting to her the custody and control of the minor child. She also prayed for an order for support and maintenance of the child. By appropriate pleadings issue was joined and a trial was had. By decree all relief prayed for was denied. The original decree was however modified so as to grant to the defendant the right of reasonable visitation. A motion for new trial was filed which was duly overruled. From the decree and the order overruling the motion for new trial the defendant has appealed.

Numerous assignments of error appear as grounds for reversal but the sole proposition requiring consideration is that of whether or not under the facts as disclosed by the record and appropriate principles of law the court erred in allowing the custody and control of the minor child of the parties to remain with the plaintiff.

The propriety of the original award of custody to the plaintiff is not brought into question. The basis upon which the request for change is made is that there have been changed conditions which make desirable the transfer of custody to the defendant. The request is brought under section 42-312, R. S. 1943, which is as follows: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." See Blue v. Blue, 152 Neb. 82, 40 N. W. 2d 268.

There is no substantial contention that the plaintiff

has not, from the time that he received the custody of this child, within his ability and capacity provided the best possible care. His devotion to the child and its welfare has been complete and to say the least highly commendable. Since then he has remarried and in addition to his own devotion he now has a wife who has and manifests a high devotion to the child's welfare.

It is true that plaintiff and his wife are not people of large means or income but plaintiff does have a net annual income of from $4,000 to $5,000 from an established business which he owns and operates. These people live in modest quarters but there is nothing in the record from which a reasonable inference could be drawn that anything does or could flow therefrom detrimental to them or to the child. They expect, according to the record, as time and circumstances will permit to improve their condition in this respect and to provide opportunity for outdoor play and recreation for the child. The prospect for the future welfare of this child with them is altogether attractive and in keeping with the standards and traditions of people of like circumstances. The child is in good health, is well cared for, and is apparently happy in the hands of its father and his present wife against whom according to the entire record there is no reproach.

Insofar as the plaintiff is concerned there is no changed circumstance which would justify the removal of this child from his custody. If there are changed circumstances or if anything has occurred which in the best interests of the child would justify a change it must be found with relation to the defendant.

In this connection from the record little is to be ascertained as to defendant's conduct following the decree of divorce. Near the time the decree of divorce was entered the defendant spirited the child from the jurisdiction of the court. Plaintiff caused its return. Just how is not made clear. Since defendant's departure on that occasion she never returned to this state nor at-

tempted to see the child until the hearing on the petition herein. It is disclosed that before her own divorce decree became final she married her present husband who was not divorced from a former wife. Later after her divorce became final and he obtained a divorce these parties were legally married. Apparently from the date of the illegal marriage until the date of the valid one they conducted themselves as husband and wife. Finally about nine months before the hearing herein they bought a nice home and some acreage outside of Tyler, Texas. At this place they reside with a son of the husband by a former marriage. The husband testified to a taxable income of about $20,000 a year. He has riding horses for the pleasure of his family. Neighbors from Texas gave testimony as to the qualities they observed in the defendant and her husband. This testimony was favorable but none was an intimate friend or person who had known them except for the time they had lived in the home mentioned, at Tyler, Texas.

Little more can be said in favor of the requested change than that the defendant is the mother of the child; that she desires custody; that her husband is more affluent than the plaintiff; and that the proposed new environment is more physically attractive.

This is not regarded as a sufficient change of circumstances to justify an award of the custody of this child to the defendant.

The decree of the district court is affirmed.

AFFIRMED.