LAWRENCE B. FRYE, PLAINTIFF IN ERROR, V. LUCY M. FRYE,. DEFENDANT IN ERROR.

64 N. W. 2d 468

Filed May 21, 1954. No. 33497.

*Edward E. Carr,* for plaintiff in error.

*V. H. Halligan,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a proceeding for contempt against Lawrence B. Frye instituted by the filing of an affidavit by Lucy M. Frye in this case which at its inception was a divorce action wherein Lucy M. Frye was plaintiff and Lawrence B. Frye was defendant. Lucy M. Frye will be hereinafter referred to for convenience as plaintiff and Lawrence B. Frye as defendant.

The affidavit sets forth that a decree of divorce was granted to plaintiff on March 15, 1952; that plaintiff was awarded the custody and control of the two minor children of the parties; that the defendant was ordered to pay $60 a month for the support of the children beginning March 15, 1952; and though being able to do so he has since December 1952 failed to make the payments. The affidavit further sets forth that by the decree the

defendant was permanently enjoined from in any manner annoying, tantalizing, or harassing the plaintiff which injunction has been violated by the defendant.

A citation was issued to which the defendant responded by filing an affidavit in which he declared his inability to pay the amounts required of him by the decree. He also filed an objection to the jurisdiction of the court in which he charged that the court was without jurisdiction for the reason that there was a criminal action pending based on the same charge of nonpayment as is contained in the affidavit for contempt. The objection was overruled. The propriety of this ruling may not be reviewed on appeal since the record contains no evidentiary information as to whether or not there was pending such a criminal charge.

On the affidavit for contempt and the affidavit in response thereto a trial was had to the court. At the conclusion of the trial the court found the defendant guilty of contempt of court for failure to make the payments and sentenced him to imprisonment in the county jail for 30 days and taxed the costs of the proceeding against him. No finding or adjudication was made on the charge that the defendant had violated the injunction.

On the question of whether or not the defendant was able out of property or ability to work and out of earnings to make the payments the plaintiff adduced no evidence whatever. The charges in this respect in the affidavit for contempt are not supported by evidence.

The defendant testified in his own behalf. The substance of his testimony is that he has no money or property and that he is physically incapable of engaging in any gainful occupation; that he has a disability income the amount of which is not authentically disclosed but it appears to be slightly in excess of $60 a month since it appears that at the time of trial he was paying $30 a month for a place to live and in response to a question by plaintiff's attorney he said this amount was almost half of what he received; and that out of this income he

had nothing which could be applied to the payments fixed by the decree.

It is true that the affidavit for contempt contains statements the effect of which are to say that the defendant is capable of making the payments but this affidavit has not been preserved in evidence and does not appear in the bill of exceptions. It may not therefore be considered here on appeal. It is the rule that affidavits not included in a bill of exceptions will not be considered by the Supreme Court. Patterson v. Kerr, 127 Neb. 73, 254 N. W. 704; State ex rel. Sorensen v. State Bank of Ravenna, 127 Neb. 338, 255 N. W. 549; Berg v. Griffiths, 127 Neb. 501, 256 N. W. 44, 102 A. L. R. 1124; De Lair v. De Lair, 148 Neb. 393, 27 N. W. 2d 540.

In a proceeding such as this, before a person may be said to be guilty of contempt of court, the evidence must disclose not only failure to comply with the order of the court but also that the failure was willful. In Hawthorne v. State, 45 Neb. 871, 64 N. W. 359, it was said: "Unless the disobedience of an order of court is willful there is no contempt."

In Whipple v. Nelson, 138 Neb. 514, 293 N. W. 382, it was said: "It follows that the disobedience of the injunction must be *wilful* before the breach thereof may be punished as a contempt."

In Gross v. Garfield County, 145 Neb. 414, 16 N. W. 2d 850, it was said: "It is also required that the disobedience of the injunction must be willful before a breach thereof may be punished as a contempt."

Also in Gross v. Garfield County, *supra,* it was said: "This court has held that contempt proceedings are in their nature criminal and no intendments will be indulged in to support a conviction; also, that it is necessary to establish guilt beyond a reasonable doubt." See, also, Gentle v. Pantel Realty Co., 120 Neb. 630, 234 N. W. 574; State ex rel. Wright v. Barlow, 132 Neb. 166, 271 N. W. 282.

On the record here and the controlling legal principles

it becomes clear that the district court was in error in finding the defendant guilty of contempt of court.

The judgment of the district court is reversed and the proceeding for contempt dismissed.

REVERSED AND DISMISSED.