DOROTHY L. HARDER, APPELLANT, V. ROBERT W. HARDER,
APPELLEE.

76 N. W. 2d 260

Filed April 13, 1956. No. 33921.

*Shrout & Brown,* for appellant.

*Cropper & Cropper,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The proceeding here is an appeal from an order modifying a decree of the district court in an action wherein the plaintiff and appellant obtained a decree of divorce from the defendant and appellee and an award of the custody of the three minor children of the parties.

The formal decree of divorce was entered on February 16, 1955, with a declared effective date of December 8, 1954. By the decree the plaintiff was awarded the custody of Robert W. Harder, age 9 years, Gay Lea Harder, age 7 years, and Cheri Ann Harder, age 4 years. She was awarded $35 a week for the support and maintenance of the children from and after February 15, 1955.

By an order of court entered March 4, 1955, to which

the defendant filed a written consent, the plaintiff was granted leave to remove the children to the State of Texas. The provision of the decree as to support and maintenance was in nowise modified or changed.

On August 11, 1955, the defendant filed a supplemental petition in the divorce action the object and purpose of which was to have the custody and control of the three children given to him. The alleged ground for change was that the plaintiff, because of incapacity to provide a home for the children, was unfit and unsuitable to continue as custodian of the children and that for the benefit and welfare of the children their custody should be transferred to the defendant. Issue was joined by a denial of these allegations of the petition.

A trial was had on September 21, 1955. The bill of exceptions discloses that the defendant adduced all of his evidence and rested. Thereafter plaintiff moved for dismissal of the petition. The motion was overruled. After this motion was overruled the plaintiff took the stand and gave testimony in her own behalf. Apparently before the direct examination of plaintiff had been concluded the court peremptorily brought the trial to an end and by formal order dismissed the petition of the defendant.

On September 23, 1955, the order of dismissal was vacated and set aside. On that date by recital in the order it appears that the parties appeared with their respective attorneys and their witnesses, at which time a trial was had and evidence taken.

The plaintiff challenges the assertion that there was a hearing and evidence taken on September 23, 1955, by affidavit filed in the office of the clerk of the district court. The affidavit may not however receive consideration since it has not been preserved in the manner provided by law. This court has said: "It is the rule that affidavits not included in a bill of exceptions will not be considered by the Supreme Court." Frye v. Frye,

158 Neb. 694, 64 N. W. 2d 468. See, also, Patterson v. Kerr, 127 Neb. 73, 254 N. W. 704; State ex rel. Sorensen v. State Bank of Ravenna, 127 Neb. 338, 255 N. W. 549; Berg v. Griffiths, 127 Neb. 501, 256 N. W. 44, 102 A. L. R. 1124; De Lair v. De Lair, 148 Neb. 393, 27 N. W. 2d 540.

There is nothing in the body of the bill of exceptions or any of its certificates to indicate when the evidence was taken upon which the court made either of its determinations.

Under these circumstances there is nothing to impeach the verity of the finding of the court that a hearing was had with all parties present and evidence taken, which hearing and evidence was the basis of the order entered on September 23, 1955.

As a result of this trial the petition of defendant was in part sustained and in part denied, and the decree was modified accordingly. He was awarded custody of Robert W. Harder and the custody of the other two children was allowed to remain with plaintiff. The award for child support was reduced from $35 a week to $25 a week. The plaintiff duly filed a motion for new trial. This motion was overruled. From the order modifying the decree and the order overruling the motion for new trial the plaintiff has appealed. As grounds for reversal she contends that the judgment is contrary to the evidence; that it is contrary to law; and that the trial court abused its discretion in modifying the decree.

The power of the district court to revise its decree of divorce or annulment of marriage as to maintenance and custody of children is declared by statute as follows: "If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." § 42-312, R. R. S. 1943. See, also, Stanley v. Stanley, 155 Neb. 125, 50 N. W. 2d 558; Hoff-

meyer v. Hoffmeyer, 157 Neb. 842, 62 N. W. 2d 138; Morehouse v. Morehouse, 159 Neb. 255, 66 N. W. 2d 579; Griess v. Griess, 161 Neb. 1, 71 N. W. 2d 513.

In interpreting this statutory provision, this court has said: "An application for a change with respect to an allowance for support and maintenance of minors, as provided in a decree of divorce, made at any time after the decree has been entered must be founded upon new facts and circumstances which have arisen subsequent to the entry of the decree. In the absence·of such facts and circumstances the matter will be deemed res adjudicata." Schrader v. Schrader, 148 Neb. 162, 26 N. W. 2d 617. See, also, Griess v. Griess, *supra;* Morris v. Morris, 137 Neb. 660, 290 N. W. 720.

It is true that in this quotation care and custody are not mentioned, but the three, insofar as parental duty and obligation are concerned, are not severable. What therefore has been said as to support and maintenance should have application to care and custody.

As to the facts there is no information in the bill of exceptions from which any reasonable inference may be drawn as to the ability of the plaintiff at that time to care for, support, and maintain the three children. Since however she was awarded their custody it must be true that the award made in this respect was in the best interests of the children.

There is no evidence of changed conditions as to the plaintiff except that she moved from Omaha, Nebraska, to Fort Worth, Texas. Incident to that change is evidence of the conditions under which she was caring for the children in Texas. The substance of the evidence in this connection is that she and the children were living in an apartment over a garage where the area for recreation was limited; that the children were not well clothed; that the boy was nervous; and that the plaintiff spent time away from them at work.

There is no evidence whatever that the surroundings were objectionable other than that the apartment was

over a garage and that the recreational area was limited. There is no evidence from which an inference of neglect may be attributed to plaintiff unless it may be said that she, without good cause, failed to properly clothe the children and unless it may be said that necessity to work by a mother of three small children be regarded as neglect. The character of plaintiff and her qualities as a mother have not been in any wise brought into question.

There is evidence of a changed condition insofar as the defendant is concerned. It is reasonably apparent that at the time the divorce decree was rendered the defendant was in financial distress and had a heavy burden of debt. At the time of the present hearing he still had at least a part of his burden of debt but he had a net income from his business as a plumber of about $110 a week, which business he was operating at Fontana, California. He has remarried and has under lease with option to purchase a five-room house in Fontana, California. At the time of trial he was not living in the house but was living in a 36-foot trailer to which had been built a room. Assurance is held out that if the custody of the children is granted to the defendant the house will be occupied as a home. The present wife of defendant has expressed a desire to have and to care for the three children.

With the consent of the plaintiff the defendant took the children from Texas to California on June 15, 1955. He promised to return them in 6 or 8 weeks. This he failed to do. At the time he took them he was in arrears of support in excess of $100. Incidentally it is not unreasonable to infer that this delinquency was the reason for the children being ill clad, if they were ill clad, as charged by the defendant. It is to be remembered that at the trial the plaintiff was not permitted to give her entire story.

This we think is a fair reflection of the factual situa-

tion as disclosed by the record from the economic viewpoint.

There is another viewpoint which deserves careful consideration in determining the disposition of these minor children and each of them.

The evidence is that defendant left Omaha en route to California on March 6, 1955. He stopped for a time in Las Vegas, Nevada, and arrived in Fontana, California, on March 20, 1955. The divorce decree had not become final. However his present wife who was at the time the wife of another man left with him as his wife. She later obtained a divorce in Tia Juana, Mexico, and was married to the defendant on June 9, 1955.

The record contains no evidentiary background for this woman prior to coming to Omaha except that she came from Illinois, and none while she was in Omaha. Likewise the record contains no evidence as to qualities for the care of children except her testimony and that of the defendant. The limit of this is that she cared for the children while they were in California, that they were happy and contented, and that provision was made for their physical requirements, their education, and religious training. In this connection it is to be observed that it was but 6 days after the expiration of the meretricious relationship between the defendant and his present wife that the defendant took his first step to secure custody of these children. It was but 2 months later when he filed the petition· herein.

In the light of this record some things are made quite clear. There is no evidence of any change insofar as plaintiff is concerned since the decree was rendered except as has been noted. There is no evidence that the plaintiff because of any personal qualities or proclivities is unfit to have the care and custody of these children. If the needs of the children were not sufficiently provided for, it is reasonably inferable that this was brought about at least in part by the failure of the defendant to comply with his obligation under the divorce decree.

On the other side, without further comment, it does not appear that to place these children or either of them with the defendant would be in their best interest.

The order of the district court modifying the decree granting the custody of Robert W. Harder to the defendant and reducing the payment for support and maintenance from $35 a week to $25 a week is reversed.

REVERSED.