MARILYN A. WALKER COMBES, APPELLANT, V. LUELLA B. ANDERSON ET AL., APPELLEES.

81 N. W. 2d 899

Filed March 22, 1957. No. 34104.

*Charles E. Kirchner* and *Tomek & Tomek*, for appellant.

*Van Pelt, Marti & O'Gara, Chauncey C. Sheldon, Frederick M. Deutsch,* and *Frederic J. Coufal,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant seeks the recovery of damages from appellees because of injuries she sustained by collision of an automobile operated by Luella B. Anderson, one of the appellees, with an automobile in which appellant was riding with her husband, the proximate cause of which, as appellant alleges, was the concurrent negligence of appellees. The defenses pleaded by Sam Conley, one of the appellees, to the petition of appellant were a general denial and an assertion that the collision of the automobiles was proximately and solely caused by the negligence of appellant and her husband. The answer of

Luella B. Anderson and Theodore Anderson, appellees, was a denial of the assertions of the petition and an allegation that the collision of the automobiles was proximately caused by the negligence of the husband of appellant.

The trial of the issues resulted in a verdict of the jury for appellees and against appellant. A motion of appellant for a new trial was denied.

There is no bill of exceptions in this case. All presumptions exist in favor of the regularity and correctness of a judgment of a court of general jurisdiction and the litigant who asserts the contrary is required to establish the alleged defect or error by an exhibition of the record. It is only for errors appearing on the face of the record that the judgment of the district court can properly be reversed. Bryant v. State, 153 Neb. 490, 45 N. W. 2d 169; Doon v. Adcock, 127 Neb. 335, 255 N. W. 548. In the absence of a bill of exceptions, no question may or will be considered a determination of which requires an examination of evidence produced at the trial but it will be presumed that issues of fact raised by the pleadings were sustained by the evidence and that they were correctly decided. Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312.

Appellant attempts to classify the errors she relies upon as those based upon the transcript and those based on the bill of exceptions. There are enumerated in the first class many alleged errors in instructions given by the court. This court may not determine that any instruction, however erroneous, was prejudicial since the evidence may have been such as would have justified the trial court in directing the verdict which was returned by the jury. Doon v. Adcock, *supra*.

The only question which can be presented on appeal to this court in a civil action in the absence of a bill of exceptions is the sufficiency of the pleadings to support the judgment. Neighbors & Danielson v. West Nebraska Methodist Hospital, 162 Neb. 816, 77 N. W. 2d 667. The

pleadings support the final conclusion and action of the district court in this case. It should be and is affirmed.

**AFFIRMED.**