SPIDEL FARM SUPPLY, INCORPORATED, APPELLANT, V.
WILLIAM G. LINE, APPELLEE.
86 N. W. 2d 789

Filed December 20, 1957. No. 34287.

*John McArthur,* for appellant.

*Clarence S. Beck,* Attorney General, *Clarence A. H. Meyer,* and *William G. Line,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant by its petition in this cause asserted that appellant was incorporated under the laws of the State of Iowa; that appellant was the owner and entitled to the possession of a 1956 Diamond T truck, the license number of which was Iowa 78-0758; that it was wrongfully detained by appellee; that it was not taken on any adjudication or execution against or for the satisfaction of any fine, tax, or amercement assessed against or by any legal process issued against appellant; and that appellant had been damaged by the wrongful taking and holding of the truck by appellee in a detailed and stated amount. Appellant asked for the return of the truck and for damages. An affidavit on behalf of appellant containing the matters required in an action of replevin was filed contemporaneously with the petition. § 25-1094, R. R. S. 1943.

A writ of replevin was issued and delivered to the sheriff. His return of it was that he was unable to find the truck in the possession of appellee. A motion for a summary judgment was made by appellee. The basis for it, as stated therein, is that he had not at any time had and did not have at the commencement of this

case possession, either actual or constructive, of the truck, and that he had not concealed, removed, or disposed of it for the purpose of avoiding or defeating the writ of replevin or at all. The district court sustained the motion for summary judgment and dismissed the action. The action of the court is the subject of this appeal.

At the hearing of the motion for summary judgment affidavits were presented by the parties and considered by the court. The court also interrogated counsel for the parties as to the evidence of any issue of fact in the cause.

There is no affidavit preserved or contained in the bill of exceptions in this case. The effect of this omission is that any affidavit considered by the district court is not before and may not be considered by this court. An affidavit used as evidence in the district court cannot be considered on an appeal of a cause to this court unless it is offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. Berg v. Griffiths, 127 Neb. 501, 256 N. W. 44, 102 A. L. R. 1124; Harder v. Harder, 162 Neb. 433, 76 N. W. 2d 260. The fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made a part of the transcript is not important to a consideration and decision of an appeal in the cause to this court. If such an affidavit is not preserved in a bill of exceptions, its existence or contents cannot be known by this court. Harder v. Harder, *supra;* Frye v. Frye, 158 Neb. 694, 64 N. W. 2d 468.

A judgment of the district court brought to this court for review is supported by a presumption of correctness and the burden is upon the party complaining of the action of the former to show by the record that it is erroneous. It is presumed that an issue decided by the district court was correctly decided. The appellant, to prevail in such a situation, must present a record of the cause which establishes the contrary. Village of

Winside v. Benshoof, 90 Neb. 131, 132 N. W. 944; Combes v. Anderson, 164 Neb. 131, 81 N. W. 2d 899. The condition of the record prevents this court from knowing the evidence presented to the trial court or which part of the evidence before it was accepted and acted upon. It must therefore be presumed that the conclusion of that court was justified by the evidence and that it is correct.

The record shows that during the hearing of the motion for summary judgment the trial court interrogated the counsel for appellant and by his statements it was established that appellant had or knew of no evidence that appellee had obtained possession of the truck. The primary issue in the case concerned the possession of the truck by appellee and his wrongful retention of such possession. The admission made by counsel for appellant fairly established that it had no legal evidence to support that issue in its favor. The prerequisites of granting a summary judgment are that the movant establish that there is no genuine issue of fact in the case and that he is entitled to a judgment as a matter of law. Eden v. Klaas, *ante* p. 323, 85 N. W. 2d 643. The record shows that there was no genuine issue of fact in this case and that appellee was entitled to a judgment as a matter of law.

The judgment should be and it is affirmed.

AFFIRMED.

CHAPPELL, J., participating on briefs.