CHARLEY W. PETERSON, APPELLANT, v. J. L. GEORGE, CHIEF, NEBRASKA BUREAU OF ANIMAL HUSBANDRY, ET AL., APPELLEES.

96 N. W. 2d 627

Filed May 22, 1959. No. 34587.

*Francis D. Lee* and *Doyle, Morrison & Doyle,* for appellant.

*Clarence S. Beck,* Attorney General, *Homer L. Kyle,* and *Chambers, Holland, Dudgeon & Hastings,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Holt County. It involves an action brought by Charley W. Peterson, a farmer and rancher residing in Holt County, Nebraska, against J. L. George, a former State Veterinarian and Chief of the Nebraska Bureau of Animal Industry, Lee A. Wilcox, an employee of the State of Nebraska, acting under the direction, control, and supervision of J. L. George as Chief of the Nebraska Bureau of Animal Industry, and the Employers Mutual Casualty Company of Des Moines, Iowa, the state veterinarian's official bondsman. The action was brought for the purpose of recovering damages which plaintiff alleged he suffered because of certain acts performed by George and Wilcox in the execution of their official duties.

Plaintiff alleged that insofar as here material he was at all times the owner of 224 head of Angus cows and 2 Angus bulls located in his pastures in South Da-

kota, which cattle were in good health and not affected by brucellosis; that on December 12, 1956, he had these cattle examined by James Tate, an approved and accredited veterinarian of South Dakota, who, based on such inspection, did, on December 14, 1956, issue an official health certificate upon these cattle at Gettysburg, South Dakota; that on December 18, 1956, plaintiff caused these cattle to be transported from his pastures in South Dakota to a licensed auction market at Atkinson in Holt County, Nebraska, such auction market being operated by E. C. Weller, doing business as the Atkinson Livestock Market; that J. L. George, as State Veterinarian, Bureau of Animal Industry, acting through Lee A. Wilcox, thereupon caused a "Notice of Quarantine" to be served upon E. C. Weller, doing business as Atkinson Livestock Market, but directed to plaintiff; that as a result of this notice the plaintiff's cattle were restrained in quarantine at the Atkinson Livestock Market until March 27, 1957, when 224 cows and 1 bull were released to the plaintiff; and that the act of quarantining said cattle was done without legal authority and was done negligently, wrongfully, and maliciously.

The damages claimed by the plaintiff because of his cattle being quarantined consist of the cost of feeding said cattle while being held, the value of two head thereof that died while being held, and for damages to plaintiff's reputation as a stock breeder caused thereby.

The defendants George and Wilcox filed an answer generally denying plaintiff's causes of action but specifically alleging that: "* * * the cows and bulls described in Paragraph 5 of the First Cause of Action of Plaintiff's petition were transported from the State of South Dakota into the State of Nebraska contrary to the provisions of the laws of Nebraska and of the rules and regulations duly adopted by the Department of Agriculture and Inspection of the State of Nebraska, in that they had not been properly tested for Bang's

disease within thirty days prior to their shipment into the State of Nebraska, and were shipped into the State of Nebraska in violation of the laws of that state and of the rules and regulations of the Department of Agriculture and Inspection; that in placing said livestock in quarantine and testing them and in all other acts concerning said livestock, the said answering defendants and each of them were performing only the duties imposed on them by law as officers and agents of the State of Nebraska."

The defendant the Employers Mutual Casualty Company filed a separate answer generally denying plaintiff's causes of action, but specifically alleging: "* * * the cows and bulls described in paragraph five of the first cause of action were transported from the State of South Dakota into the State of Nebraska contrary to the provisions of the laws of Nebraska and the rules and regulations duly adopted by the Department of Agriculture and Inspection of the State of Nebraska, in that they had not been properly tested for Bang's disease within thirty days prior to their shipment into the State of Nebraska, and were shipped into the State of Nebraska in violation of the laws of that state and of the rules and regulations of the Department of Agriculture and Inspection; that in placing said livestock in quarantine and testing them and in all other acts concerning said livestock, the defendants J. L. George and Lee A. Wilcox were performing only the duties imposed on them by law as officers and agents of the State of Nebraska."

Thereafter all three defendants joined in a motion for summary judgment. This motion came on for hearing on November 11, 1958. The judgment rendered pursuant thereto states that: "* * * this matter came on to be heard on the motion of the said defendants for summary judgment and affidavit of John L. George and attached exhibits in support thereof and affidavits of James Tate and of Charley W. Peterson and at-

tached exhibits for counter showing on behalf of the plaintiff, * * *." The trial court found: "That there is no genuine issue as to any material fact involved in this controversy; that the defendant George did cause the said cattle of plaintiff to be placed in quarantine as alleged by plaintiff but that in doing so said defendant was acting within the scope of his authority as State Veterinarian of Nebraska and acting without malice and in the performance of duties imposed upon him by law; that any damages which plaintiff may have suffered by reason of the acts alleged to have been done by defendants, or any of them, were not caused by any wrongful or unlawful act or conduct on the part of said defendants, or any of them; that the motion of defendants for summary judgment should be sustained and that judgment should be entered herein in favor of said defendants." The defendants' motion for summary judgment was sustained and judgment rendered for the defendants.

Plaintiff filed a motion for new trial and perfected this appeal from the overruling thereof.

"A party against whom a claim * * * is asserted * * * may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." § 25-1331, R. R. S. 1943.

Section 25-1332, R. R. S. 1943, provides, insofar as here material, that: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

"A summary judgment is authorized only when the moving party is entitled to a judgment as a matter of law. If there is a genuine issue of fact to be determined, a summary judgment may not be properly entered." Dennis v. Berens, 156 Neb. 41, 54 N. W. 2d 259. See, also, Illian v. McManaman, 156 Neb. 12, 54

N. W. 2d 244; Palmer v. Capitol Life Ins. Co., 157 Neb. 760, 61 N. W. 2d 396.

"The prerequisites of granting a summary judgment are that the movant establish that there is no genuine issue of fact in the case and that he is entitled to judgment as a matter of law." Spidel Farm Supply, Inc. v. Line, 165 Neb. 664, 86 N. W. 2d 789. See, also, Mueller v. Shacklett, 156 Neb. 881, 58 N. W. 2d 344; Miller v. Aitken, 160 Neb. 97, 69 N. W. 2d 290.

As stated in Illian v. McManaman, *supra:* "* * * In considering such a motion as in a motion for a directed verdict, the court should take that view of the evidence most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may reasonably be drawn from the evidence. If, when so viewed, reasonable men might reach different conclusions, the motion should be denied and the case tried on its merits." See, also, Miller v. Aitken, *supra.*

"Summary judgment is effective and serves a separate useful purpose only when it can be used to pierce the allegations of the pleadings and show conclusively that the controlling facts are otherwise than as alleged." Miller v. Aitken, *supra.*

Here there is no bill of exceptions. In view of that fact the following from Spidel Farm Supply, Inc. v. Line, *supra,* has application: "At the hearing of the motion for summary judgment affidavits were presented by the parties and considered by the court. * * * There is no affidavit preserved or contained in the bill of exceptions in this case. The effect of this omission is that any affidavit considered by the district court is not before and may not be considered by this court. An affidavit used as evidence in the district court cannot be considered on an appeal of a cause to this court unless it is offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. Berg v. Griffiths, 127 Neb. 501, 256 N. W. 44, 102 A. L. R. 1124;

Harder v. Harder, 162 Neb. 433, 76 N. W. 2d 260. The fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made a part of the transcript is not important to a consideration and decision of an appeal in the cause to this court. If such an affidavit is not preserved in a bill of exceptions, its existence or contents cannot be known by this court. Harder v. Harder, *supra;* Frye v. Frye, 158 Neb. 694, 64 N. W. 2d 468. A judgment of the district court brought to this court for review is supported by a presumption of correctness and the burden is upon the party complaining of the action of the former to show by the record that it is erroneous. It is presumed that an issue decided by the district court was correctly decided. The appellant, to prevail in such a situation, must present a record of the cause which establishes the contrary. Village of Winside v. Benshoof, 90 Neb. 131, 132 N. W. 944; Combes v. Anderson, 164 Neb. 131, 81 N. W. 2d 899. The condition of the record prevents this court from knowing the evidence presented to the trial court or which part of the evidence before it was accepted and acted upon. It must therefore be presumed that the conclusion of that court was justified by the evidence and that it is correct." See, also, Palmer v. Capitol Life Ins. Co., *supra.* As stated in Palmer v. Capitol Life Ins. Co., *supra,* by quoting from Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312: "In the absence of a bill of exceptions, no question will be considered, a determination of which requires an examination of the evidence produced in the trial court. It follows that any assignment of error that requires an examination of evidence cannot prevail on appeal in the absence of a bill of exceptions."

Under certain conditions and circumstances there was statutory authority which not only authorized, but directed, the Department of Agriculture and Inspection, under which authority George was operating, to do what was here done. See §§ 54-701, 54-719, and 54-766,

R. R. S. 1943. In view of the record as presented we must presume the evidence adduced at the hearing on motion for summary judgment conclusively established a situation to which these statutes had application and which authorized George to do what he did and that he did it in the manner as therein set forth.

As we said in Allen v. Miller, 142 Neb. 469, 6 N. W. 2d 594, by quoting from 22 R. C. L. 485, § 163: "Where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him he is sometimes called a quasi judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as the result of an erroneous decision, provided the acts complained of are done within the scope of the officer's authority, and without wilfulness, malice, or corruption." The foregoing has application here. See, also, Harmer v. Petersen, 151 Neb. 412, 37 N. W. 2d 511; 67 C. J. S., Officers, § 125, p. 417, § 127(a), p. 420.

In view of the foregoing we affirm the judgment of the trial court.

AFFIRMED.