GERALDINE E. ANDERSON, APPELLANT, V. AUTOCRAT CORPORATION, A CORPORATON, ET AL., APPELLEES.

231 N. W. 2d 560

Filed July 10, 1975. No. 39830.

Person, Dier & Person, for appellant.

James A. Beltzer of Luebs, Tracy, Dowding, Beltzer & Leininger, for appellees.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

In her second amended petition filed in this action in the District Court for Phelps County, Nebraska, on August 22, 1973, plaintiff sought to recover damages for personal injuries sustained by her as the result of an explosion of a gas heater manufactured by defendant, Autocrat Corporation of New Athens, Illinois. The explosion occurred on the fairgrounds operated by the Harlan County Junior Fair Association at Orleans, Nebraska. We can, and do, take judicial notice of the fact that Orleans, Nebraska, is located in Harlan County, Nebraska. Also made parties defendant in the action were the aforesaid Harlan County Junior Fair Association, which entered its voluntary appearance in the proceedings in Phelps County; and also Kansas-Nebraska Natural Gas Company, Inc., which was served with summons, and subsequently filed its answer in the suit. Service upon the defendant, Autocrat Corporation, was attempted in the manner hereinafter set forth. Defendant, Autocrat Corporation, on September 24, 1973, filed its second special appearance, and on April 2, 1974, filed an amended second special appearance, objecting

to the jurisdiction of the court over it, and to the validity of the service of process upon it. Following a hearing on the special appearances of said defendant, held on April 11, 1974, the court, on June 27, 1974, entered an order sustaining the second special appearance and amended second special appearance filed by defendant, Autocrat Corporation. Plaintiff filed a motion for a rehearing on that order on July 3, 1974; and on September 26, 1974, the court overruled plaintiff's motion for rehearing, and dismissed plaintiff's second amended petition and causes of action contained therein as to Autocrat Corporation. Plaintiff appeals to this court, alleging that the trial court erred in sustaining the special appearances referred to, and in dismissing the action as to Autocrat Corporation. We affirm.

It is clear from the record in this case that plaintiff attempted to obtain service of process upon the defendant under the provisions of section 21-20,114, R. R. S. 1943, by service upon the Secretary of State. This is not only admitted by plaintiff in her brief, but is made clear from the praecipe filed in the District Court for Phelps County requesting that the clerk issue summons to the sheriff of Lancaster County for service upon Autocrat Corporation, by service upon the Secretary of State; and also by the return of Merle C. Karnopp, the sheriff of Lancaster County, on August 24, 1973, certifying as to such service by him upon the Secretary of State, and further stating: "* * * all of which has been done as provided by LB 564, 1971, amending 21-20,114 R. R. S. 1943 of the State of Nebraska; * * *." The affidavit of Helen R. Lang, summons clerk in the office of the Secretary of State of Nebraska, recites: "1. That on or about August 25, 1973, service was had upon Helen Lang who was then the Summons Clerk in the Office of the Secretary of State on behalf of Autocrat Corporation, a foreign corporation. 2. That on or about August 24, 1973, a copy of the summons was mailed by certified letter to Autocrat Corporation, a foreign corporation, at

New Athens, Illinois 62264. Further affiant sayeth not."
Nothing further showing the service of process upon the
defendant was on file on April 11, 1974, on which date
the court held the hearing on the special appearances
referred to. We also note that although the court en-
tered its order on June 27, 1974, there is nothing in the
record to indicate that the affidavit of Helen Lang was
ever introduced in evidence at the hearing, or that any
other evidence relating to service upon the defendant
was introduced, or brought to the attention of the court
at that time; nor did the court give its reasons for sus-
taining the special appearances.

We first direct our attention to a determination of
whether the purported service under section 21-20,114,
R. R. S. 1943, complied with the requirements of that
section. Section 21-20,114, so far as material, provides
as follows: "Whenever a foreign corporation shall do
business in this state, and fails to appoint or maintain
a registered agent in this state, or whenever any such
registered agent cannot with reasonable diligence be
found at the registered office, or whenever the certifi-
cate of authority of a foreign corporation shall be sus-
pended or revoked, then the Secretary of State shall be
an agent of such corporation upon which any such
process, notice, or demand may be served. Service on
the Secretary of State of any such process, notice, or
demand shall be made by delivering to and leaving with
him, or, if the Secretary of State is absent from or is not
found in the office of the Secretary of State in the State
Capitol at the time of the attempted service, then by
serving any person employed in the office of the Secre-
tary of State who, previously to such service, has been
designated in writing by the Secretary of State as the
person or one of the persons upon whom such service
shall be made for service upon the Secretary of State.
*Such service shall constitute valid service upon such
corporation in all courts of this state, in counties where
the cause of action, or some part thereof, arose, or in*

counties where the contract, or portion thereof, entered into by such corporation has been violated or is to be performed; * * *." (Emphasis supplied.)

By way of background, it should be noted that section 21-20,114, R. R. S. 1943, is the counterpart of, and modeled after, section 115 of the Model Business Corporation . Act. While the two sections are not identical, section 21-20,114 is generally considered and cited as being comparable to section 115. See 2 American Bar Foundation, Model Business Corporation Act Annotated (2d Ed., 1971), pp. 688, 692, and 725. One very apparent difference between the two sections is that section 115 of the Model Business Corporation Act does not contain the provision inserted in the Nebraska act that: "Such service shall constitute valid service upon such corporation in all courts of this state, in counties where the cause of action, or some part thereof, arose, * * *." The fact that the Nebraska legislators specifically included the foregoing language in their amended version of section 115 of the Model Business Corporation Act clearly indicates the importance attributed to that language by the Nebraska Legislature. That language was obviously included for a specific purpose. Where the intent of the Legislature in the enactment of legislation is clearly expressed, the courts are in duty bound to accept that expression. It is not within the province of the courts to read a meaning into a statute which is not warranted by the legislative language. Fitzgerald v. Kuppinger, 163 Neb. 286, 79 N. W. 2d 547 (1956). We interpret the language referred to as a clear mandate that service upon the Secretary of State is valid service upon the corporation only in counties "where the cause of action, or some part thereof, arose." In other words, it constitutes a condition precedent to valid service under section 21-20,114, and such service would not be proper or valid in any county in Nebraska unless the cause of action, or some part thereof, arose in such county. In this case the defendant contends that service upon it

was invalid due to the fact that the action herein was not filed in a court in a county "where the cause of action, or some part thereof, arose."

It is clear from the facts in this case, and plaintiff so alleges in her petition, that the occurrence which gave rise to her cause of action against the defendant took place in Orleans, Nebraska, which is in Harlan County. The action itself was filed in, and summons issued by, the District Court for Phelps County. It is clear, therefore, that the action was not brought in the proper county under section 21-20,114, R. R. S. 1943, and valid service of summons was not had upon, or jurisdiction obtained over, this defendant, under section 21-20,114.

Plaintiff argues, however, that where, as in this case, she has properly summoned one or more of the multiple defendants, the remaining defendant can properly be served from that court, and the improper venue, if any, can be corrected by a motion to transfer venue, under sections 25-408 and 25-409, R. S. Supp., 1974. The fallacy in her argument, however, is that those sections are "venue" sections, and presuppose a valid service of process on all parties affected, although they may have been served with summons in a wrong county for proper venue. Plaintiff cites in support of her contention Adair County Bank v. Forrey, 74 Neb. 811, 105 N. W. 714 (1905), and Lamb v. Finch, 87 Neb. 565, 127 N. W. 903 (1910). Those cases are clearly distinguishable from the facts of the case at bar. In each of said cases, *personal service* was had upon the respective defendants within the State of Nebraska. In the instant case, it is clear that no valid service was had upon this defendant, for the reason that, by the terms of the statute itself, valid service may be had by serving the Secretary of State only if the action is brought in the county where the cause of action, or some part thereof, arose. This was clearly not true in the instant case, and the trial court was correct in concluding that no valid service of

summons upon the defendant was had under section 21-20,114, R. R. S. 1943.

Plaintiff next contends that even if she must be regarded as having failed to effect service of process under section 21-20,114, R. R. S. 1943, the court should nevertheless find that she obtained valid service upon the defendant under the Nebraska Long Arm Statute, particularly section 25-540 (1) (c), R. S. Supp., 1974, which provides: "(1) When the law of this state authorizes service outside this state, the service, when reasonably calculated to give actual notice, may be made: * * * (c) By any form of mail addressed to the person to be served and requiring a signed receipt; * * *." Subsection (2) of section 25-540, must also be considered in this connection and provides as follows: "Proof of service outside this state may be made by *affidavit of the individual who made the service* or in the manner prescribed by the law of this state, the order pursuant to which the service is made, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. *When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court.*" (Emphasis supplied.)

Plaintiff argues that where one makes service of process upon the Secretary of State under the terms of section 21-20,114, R. R. S. 1943, and where pursuant to that statute, the Secretary of State causes a copy of that process "to be forwarded by registered or certified mail, addressed to the corporation at its principal office in the state or county under the laws of which it is incorporated," such actions must be regarded as sufficient to meet the requirements for accomplishing service of process under section 25-540 (1) (c), R. S. Supp., 1974. We do not believe this result necessarily follows. As previously pointed out, section 21-20,114 was adopted in modified form from section 115 of the Model Business

Corporation Act, and the Nebraska Legislature intentionally added to that section the provision that service as therein prescribed "shall constitute valid service upon such corporation in all courts of the state, *in counties where the cause of action or some part thereof, arose.*" (Emphasis supplied.) We must assume that the Legislature had a purpose in mind for adding that language to the model act, and we believe that we would defeat that purpose if we were to hold, under the facts of this case, that plaintiff has accomplished service of process under section 25-540(1)(c). If the two statutes overlap, as plaintiff suggests, then it would no longer be necessary for one endeavoring to accomplish service of process under section 21-20,114 to bring the action in a county "where the cause of action, or some part thereof, arose." The effect would be to eliminate that requirement from section 21-20,114, notwithstanding the fact that the language was intentionally placed therein by the Legislature.

However, even assuming, arguendo, that service of process upon the Secretary of State pursuant to section 21-20,114, R. R. S. 1943, would be sufficient to accomplish service of process within the terms of section 25-540(1)(c), R. S. Supp., 1974, it is clear that under the facts of the instant case there was no valid service of process under that part of the Long Arm Statute above quoted. As stated above, that statute requires among other things that when service is made by mail, "proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court." While it appears that the summons clerk in the office of the Secretary of State probably did mail a certified letter containing a copy of the summons in this case to the defendant, Autocrat Corporation, at its principal office in Illinois, nowhere in the record is there any evidence of proof of service by a receipt signed by the addressee. Nor is there any showing of other evidence of personal delivery

to the addressee "satisfactory to the court." It is true that on September 26, 1974, the same date that the court entered its order overruling plaintiff's motion for rehearing and dismissing plaintiff's second amended petition as to defendant Autocrat Corporation, an attorney for plaintiff filed in the office of the clerk of the District Court an affidavit entitled "Affidavit In Support of Motion for Re-hearing," including as exhibits attached thereto, among other things, a photocopy of certain records in the office of the Secretary of State showing the mailing of certified letters to the defendant enclosing a copy of the summons in the case, a letter from Autocrat Corporation acknowledging receipt of summons, and a copy of a letter from one of the attorney's for the plaintiff showing that a copy of the petition was mailed to the defendant. Again assuming, arguendo, that the affidavit and documents referred to might have been found by the court to be sufficient to constitute "evidence of personal delivery to the addressee satisfactory to the court," the fact still remains that there is no showing that any of these documents was ever brought to the attention of the judge when the motion for rehearing was heard, or was introduced in evidence at that hearing. It is true, of course, that an affidavit may be used to prove the service of a summons, notice or other process in an action. See, § 25-1244, R. R. S. 1943; Erdman v. National Indemnity Co., 180 Neb. 133, 141 N. W. 2d 753 (1966). While the law permits the use of affidavits for that purpose, and thus avoids problems relating to same with reference to the "hearsay" rule, it is still a requirement of law that before such affidavit may be considered in this court, it must first be introduced and received in evidence. The mere filing in the office of the clerk of the District Court and its inclusion in the transcript is not sufficient. In State ex rel. Pierson v. Fawcett, 2 Neb. Unoff. 243, 96 N. W. 219 (1901), it was held that an affidavit may

be used to prove the service of process; but is not part of the bill of exceptions, unless presented to the trial court. In Spidel Farm Supply, Inc. v. Line, 165 Neb. 664, 86 N. W. 2d 789 (1957), this court stated: "There is no affidavit preserved or contained in the bill of exceptions in this case. The effect of this omission is that any affidavit considered by the district court is not before and may not be considered by this court. An affidavit used as evidence in the district court cannot be considered on an appeal of a cause to this court unless it is offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. Berg v. Griffiths, 127 Neb. 501, 256 N. W. 44, 102 A. L. R. 1124; Harder v. Harder, 162 Neb. 433, 76 N. W. 2d 260. The fact that an affidavit used as evidence in the district court was filed in the office of the clerk of the district court and made a part of the transcript is not important to a consideration and decision of an appeal in the cause to this court. If such an affidavit is not preserved in a bill of exceptions, its existence or contents cannot be known by this court. Harder v. Harder, supra; Frye v. Frye, 158 Neb. 694, 64 N. W. 2d 468." Numerous other cases to the same effect are collected in 2 Nebraska Digest, Appeal & Error, Key No. 523(2).

We have uniformly held that statutes prescribing the manner of service of summons are mandatory and must be strictly complied with. Erdman v. National Indemnity Co., *supra*; Nelson v. Robinson, 154 Neb. 64, 46 N. W. 2d 892 (1951). We have also recently held that a statute which authorizes the use of postal service to notify a defendant that he has been sued in court is strictly construed and must be specifically observed. Wilson v. Smith, 193 Neb. 433, 227 N. W. 2d 597 (1975). As demonstrated above, it is clear that plaintiff has failed to effect valid service of process under either of the statutes discussed above, and that the action of the trial court in sustaining defendant's special appearances

and dismissing the action as to Autocrat Corporation was correct, and must be affirmed.

AFFIRMED.

WHITE, C. J., participating on briefs.