GEORGE L. HANLEY, APPELLEE, v. UNION STOCK YARDS
COMPANY, APPELLANT.

FILED JULY 25, 1916. No. 19713.

1. Master and Servant: WORKMEN'S COMPENSATION ACT: PETITION.
The petition for compensation under the workmen's compensation
act should set out "the injury in its extent and character" (Laws
1913, ch. 198, sec. 39), and the judgment should conform thereto
determining plainly the extent and character of the injury, whether
the disability is total or partial, and whether temporary or perma-
nent; it should state definitely the time for which periodical pay-
ments must be made.

2. ——: ——: MODIFICATION OF ORDER. If the time so found by
the court during which periodical payments are to be made does not
exceed six months, the order is final; that is, so far as that court
is concerned there is no power to modify or change such order.
If the time so fixed by the court during which periodical payments
are to be made exceeds six months, then, after that time has elapsed,
either party may show to the court that conditions have so changed
that the order should be changed also. There is no provision in
the statute for any application to the district court of any nature
until after the six months have elapsed.

3. ——: ——: ——. If the time limited for periodical com-
pensation exceeds six months, no application to modify the order
can be entertained until six months after the order is made.

4. ——: ——: ——. Compensation is for disability and ends
when disability ends, but the court must find whether there is dis-
ability total or partial—temporary or permanent. And if that court
finds that there is disability that will not continue for more than
six months and fixes the compensation therefor and renders judg-
ment accordingly, it cannot at a subsequent term change that judg-
ment.

5. ——: ——: DISABILITY. If the workman is disqualified to con-
tinue his regular employment, the fact that he may procure tempo-
rary employment in a different occupation for a few days at equal
or greater wages would not be conclusive that his disability had
ceased.

6. ——: ——: APPEAL. If the time limited is not more than six
months, the trial court has no continuing jurisdiction over the case,
and upon appeal from such order the bill of exceptions must be set-
tled with reference to the term at which such order is made.

Hanley v. Union Stock Yards Co.

7. ———: ———: ———. In such case if the bill of exceptions is not so settled, and motion is made to quash it for that reason, this court upon appeal cannot consider such bill of exceptions for the purpose of reviewing the original order.

8. ———: ———: Modification of Order. In this case an application was made at a subsequent term to change or construe the order, and the trial court properly dismissed the application because it was made before the six months from the time of making the order had expired.

Appeal from the district court for Lancaster county: Willard E. Stewart, Judge. *Affirmed*.

*Mahoney & Kennedy* and *Guy C. Kiddoo,* for appellant.

*R. J. Greene, contra.*

Sedgwick, J.

In the district court for Lancaster county compensation was awarded to the plaintiff, under the workmen's compensation law of 1913 (Laws 1913, ch. 198, Rev. St. 1913, sec 3642 *et seq.*), for an injury sustained in the employment of the defendant. Afterwards the defendant made application to the court for an order "relieving it from the payment of any further compensation to the said George L. Hanley * * * and for such other relief as to the court may seem equitable and just." The court denied the application, and the defendant has appealed.

The first order granting compensation was made January 26, 1916, and, omitting the formal parts, was as follows: "That there is due and unpaid from the defendant to the plaintiff as compensation, in accordance with the terms of the workmen's compensation law, the sum of $92.75; that compensation is ordered to be paid by the defendant to the plaintiff under the terms of the workmen's compensation law at the rate of $8.75 per week from this day during the period of compensation covered by the statute; and that plaintiff recover from the defendant the costs of the action. It is therefore ordered, adjudged and decreed by the court that the plaintiff have and recover of and from the defendant the sum of $92.75; that the de-

fendant pay to the plaintiff periodically in accordance with the method of payment of the wages of the plaintiff at the time of his injury compensation in the sum and amount of $8.75 per week during the period of compensation; and that plaintiff recover of the defendant his costs herein." The defendant contends that the meaning of this order is that the weekly payments are to continue during disability, and that the evidence shows that plaintiff's disability was terminated, and that the court should therefore have discharged the defendant from further liability.

Section 3682, Rev. St. 1913, provides: "All settlements by agreement of the parties and all awards of compensation made by the court, except those amounts payable periodically for six months or more, shall be final and not subject to readjustment." And the following section provides that, at any time after six months from the date of the award, it may be modified upon the application of either party under certain specified conditions.

The plaintiff contends that the above quoted order awarded periodical payments for more than six months, and therefore no application could be heard to modify or change it until the six months have expired. The application was made in April, 1916, not quite three months from the date of the original order. Upon this application the trial court found that "the order heretofore made herein was for a period greater than six months, and that this application is prematurely made," and for that reason denied the application. It will be seen that both parties are depending upon technicalities derived from different constructions of the original order of the trial court. This is unfortunate. The statute is remedial in its nature, its purpose was to do justice to workmen without expense, litigation and unnecessary delays.

The petition should set out "the injury in its extent and character" (Laws 1913, ch. 198, sec. 39), and the judgment should conform thereto determining plainly the extent and character of the injury, whether the disability is total or partial, and whether temporary or permanent; it

should state definitely the time for which periodical payments must be made.  If the time so found by the court during which periodical payments are to be made does not exceed six months, the order is final; that is, so far as that court is concerned there is no power to modify or change such order.  If the time so fixed by the court during which periodical payments are to be made exceeds six months, then, after that time has elapsed, either party may show to the court that conditions have so changed that the order should be changed also.  There is no provision in the statute for any application to the district court of any nature until after the six months have elapsed.

No doubt, compensation is for disability and ends when disability ends, but the court must find whether there is disability total or partial—temporary or permanent.  And if that court finds that there is disability that will not continue for more than six months and fixes the compensation therefor and renders judgment accordingly, it cannot at a subsequent term change that judgment.

The judgment that compensation shall continue "under the terms of the workmen's compensation law, at the rate of $8.75 per week from this day during the period of compensation covered by the statute," is, of course, indefinite and unsatisfactory.

The plaintiff, however, alleged in his petition that he was disabled permanently.  The court found "generally in favor of the plaintiff and against the defendant."  Neither party asked that the judgment be made more definite.  The court in the order dismissing the application has definitely construed the first order to require periodical payments for more than six months.  If it was for a shorter time the first order should have so found and should have definitely fixed the limit of periodical payments.  The evidence shows that the plaintiff on two occasions obtained employment, for a few days, as a carpenter and received wages therefor larger than he had been accustomed to receive at his regular employment before his injury.  But, if he is disqualified to continue his regular employment, the fact that he

may procure temporary employment in a different occupation for a few days at equal or greater wages would not be conclusive that his disability had ceased. There was in the original trial considerable expert evidence tending to prove that plaintiff's disability was temporary, but no bill of exceptions upon this evidence was settled within the time limited for settling the same upon an appeal from that judgment. This appeal is treated and must be considered as an appeal from an order made at a subsequent term denying the application to modify that judgment.

The six months from the entering of the compensation order will expire during the current month, and the trial court will then entertain an application to modify the order. If it appears upon careful investigation that plaintiff's disability has ceased wholly or partially, the trial court will so find and make the proper order accordingly.

There are no periods of compensation specified in the statute for less than six months. If the disability is temporary, and the court does not fix a period of more than six months, it has no power to change it at a subsequent term, and no application for such change is allowed in any event until after six months.

We cannot say that the court erred in refusing this application, and the judgment dismissing the application is

AFFIRMED.

LETTON and ROSE, JJ., not sitting.