JAMES A. RIDGEWAY, APPELLEE, v. EASTERN COLORADO DEVELOPMENT COMPANY, APPELLANT.

FILED DECEMBER 4, 1920.   No. 21129.

1. **Vendor and Purchaser:** NONPERFORMANCE: MEASURE OF DAMAGES. In a cross-action by a vendor in a contract to sell real estate to recover damages for the failure of the vendee to perform, the proper measure of damages is the difference between the actual market value of the land at the time of the breach and the price which the vendee was to pay. In other words, the loss of profits on the part of the vendor.

2. ———: ———: ———. In such an action the expenses of a resale are not proper elements of damage.

3. **Evidence** examined, and *held* to sustain the verdict.

Ridgeway v. Eastern Colorado Development Co.

APPEAL from the district court for Lancaster county: LEONARD A. FLANSBURG, JUDGE. *Affirmed.*

*C. A. Robbins,* for appellant.

*C. H. Epperson* and *G. E. Hager, contra.*

LETTON, J.

Action for money had and received. Judgment for plaintiff. Defendant appeals.

On December 2, 1916, plaintiff and defendant entered into a contract whereby defendant agreed to sell, and plaintiff to buy, a half section of land in Colorado. Plaintiff agreed to pay $11,200 for the land; $1,000 cash, and $5,000 by the transfer of a house and lot in Fairfield, Nebraska, to be made on or before January 1, 1917, the balance of $5,200 to be due in four years, secured by a first mortgage on the land. Defendant agreed to convey the land by warranty deed, and to provide abstract showing a merchantable title. Possession of both tracts of real estate was to be given January 1, 1917, and time was made the essence of the contract. Plaintiff paid defendant $500 in cash; $500 which was in defendant's hands under a former contract, which was surrendered, was also applied to make up the $1,000 paid. An abstract of title to the Fairfield property was furnished defendant in December, and a deed to it deposited in a Fairfield bank to await performance by defendant. Nothing was done by either party on January 1, the date of performance. Apparently no further transactions were had until January 11, when a conversation was had between plaintiff and the secretary of the defendant company, Bevard, at the office of the defendant's attorney, Minor, in Fairfield. There is a decided conflict in the testimony as to what then occurred, but the jury evidently accepted plaintiff's version, which is that Bevard then told him, in substance, that the company had had some difficulty in obtaining title to the Colorado land, but the deed would be there in a few days. Plaintiff made no objection to this. He after-

wards inquired at the bank whether the deed had come, but was told it had not arrived. He told one Crosby, who had before this been acting as agent for defendant, on January 23, that he refused to proceed, and on January 24, informed two of the officers of defendant that he refused to go farther and complete the contract. On the same day he began an action in Clay county to recover the $1,000 paid, with interest, alleging failure of defendant to perform, and that he had rescinded the contract.

On March 19, 1917, defendant made a contract to sell the Colorado land to some other parties and conveyed the same in April. After the latter contract was made, but before the deed was delivered, defendant tendered deed and abstract to the Colorado land to plaintiff, which he refused to accept. A mistrial of the Clay county case took place and plaintiff began this action. Defendant counterclaimed, asking $3,500 damages for loss of profits on resale of the Colorado land, and $1,800 for expense of resale.

It is conceded that the title to the Fairfield property shown by the abstract was not merchantable, and that both plaintiff and defendant broke the contract in the first instance. On January 11, the time for performance of the contract was extended, according to plaintiff, for a few days to allow the deed to the Colorado land to be delivered, according to defendant, until February 1. So far as the evidence shows, neither plaintiff nor defendant was ready to perform at either time. Plaintiff had never tendered a merchantable title, and defendant did not tender performance until late in March. Both parties were in default, and the court so instructed the jury, and further instructed, in substance, that defendant's action in selling the land to other parties and seeking damages in this action is an election to treat the contract as terminated by plaintiff's breach, and, there being no provision in the contract for forfeiture of the $1,000 paid, plaintiff was entitled to a verdict for this amount, less such damages as defendant suffered by the breach; and that the measure

of damages was the difference between the market value of the Colorado land in January, 1917, and $11,200, the consideration to be paid. We find no error prejudicial to defendant in these instructions. In fact, we believe they are more favorable than it is entitled to.

Accepting the instructions as stating the law of the case which the jury were bound to follow, it is argued that the jury disregarded the testimony and did not follow the instructions with respect to the damages suffered by the defendant. While some of the witnesses for defendant testified that the land was worth $25 an acre, the jury were entitled to consider this evidence in connection with all the other facts before them as to its value, and as to the credibility of the witnesses, one of whom had evidently testified differently at a former trial in regard to some material facts. In March defendant sold the Colorado land for $11,200, the same price as sold to plaintiff, $10,140 of which was to be paid in cash and deferred payments, and the balance of $1,060 by taking a tractor and team of horses at that valuation, but which, according to defendant's witnesses, were only worth about $250, making the gross receipts about $10,400. There was quite a little evidence as to the value of these articles. The jury drew their own conclusion as to the value of the land, and, taking all of the evidence into consideration, we believe they were justified in reaching the conclusion that defendant suffered no damages. Upon the whole case we find no prejudicial error.

AFFIRMED.

FLANSBURG, J., not sitting.