NORRIS P. CRAFTS, APPELLANT, V. IRVING E. SAWTELLE, APPELLEE.

272 N. W. 567

FILED APRIL 16, 1937. No. 29784.

*Anson H. Bigelow,* for appellant.

*J. Gerald MacVeigh* and *Fischer, Fischer, Fischer & Fischer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is an action to recover damages in the sum of $820.33 for breach of a contract obligating defendant to purchase from plaintiff the north half of lot 9, block 21, West Benson, an addition in Douglas county, and to pay therefor $1,800 in monthly instalments of $10 each.

Plaintiff pleaded the contract of sale for $1,800 and alleged that defendant took possession, made 10 monthly payments, vacated the premises, breached the contract and refused to comply further with its terms; that plaintiff declared a breach of the contract; that the market value of the real estate did not exceed $1,250 at the time of the breach, and that his damages after credits for payments were $820.33, including interest, waste and nonpayment of taxes.

The answer of defendant contained a general denial and pleas that he was induced to enter into the contract by

fraudulent representations upon which he relied; that the value then was not more than $1,000; that through the fraud he promised to pay $1,800. The reply to the answer contained a general denial.

Upon a trial of the cause the jury rendered a verdict in favor of defendant. From a judgment of dismissal plaintiff appealed.

Plaintiff is in the supreme court without a bill of exceptions preserving the evidence and therefore the sufficiency of the pleadings to support the verdict in favor of defendant is the question presented on the face of the clerk's transcript of the proceedings below.

The district court did not submit to the jury the issue of fraud and this left to them the single issue of damages, since defendant alleged in his answer that he signed the contract agreeing to pay $1,800 for the real estate; that he entered into possession; that he moved out and gave up the place after paying $100. The answer does not allege that the market value when defendant surrendered possession was equal to the purchase price less payments. With fraud eliminated, as it was by instructions of the trial court, the measure of damages was the difference between the agreed price and the market value of the property when the contract was breached, less payments which plaintiff allowed on his claim.

The general rule was stated in an early case as follows:

"In an action by the vendor to recover from the vendee damages for a failure on his part to perform the contract, the measure of damages is the difference between the agreed price and the market value of the property at the time of the breach." *Wasson v. Palmer*, 17 Neb. 330, 22 N. W. 773. See, also, *Ridgeway v. Eastern Colorado Development Co.*, 105 Neb. 288, 180 N. W. 587.

On the record presented there is no theory of the case on which the pleadings, in connection with the instructions given, will support a verdict in favor of defendant. For this reason the judgment of dismissal is reversed and the cause remanded for further proceedings.

REVERSED.