WALTER F. CLUTE, APPELLEE, V. CHARLES J. MACH, APPELLANT.

45 N. W. 2d 897

Filed February 9, 1951. No. 32911.

*C. M. Skiles* and *Ralph S. Moseley*, for appellant.

*L. C. Hungerford*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action to recover the reasonable and agreed

price for the drilling of a well and the erection of a windmill on defendant's ranch, and for labor, supplies, and materials, all in the sum of $120 and interest.

Defendant answered that the agreement was that plaintiff was to put down two wells at $60 each and had put down only one. Defendant cross-petitioned and asked $20 for hauling plaintiff's machinery to town on two occasions for repairs, for furnishing board and room to plaintiff of the reasonable value of $25, and for failure to put down the second well he alleged $215 damage. Defendant prayed for a $260 judgment. The reply was a denial. Trial was had. The jury found for plaintiff on his petition for $120 and against defendant on his cross-petition. Defendant appeals. We affirm the judgment of the trial court.

Plaintiff's evidence is that he agreed to put down two wells for the defendant at the agreed price of $60 for drilling, $20 for erecting the windmill tower, and that the defendant was to pay for all materials used, and also was to furnish board and room at a restaurant and hotel in Mullen because of inadequate accommodations at the defendant's ranch. Plaintiff's evidence is that the first well was drilled and the windmill erected. During that time plaintiff, an employee, and defendant stayed at a hotel in Mullen and ate at a restaurant, defendant paying these expenses. On the evening of the second day defendant had a dispute with the manager of the hotel and was ordered out. Defendant the next day insisted that plaintiff and his helper stay at the ranch, which plaintiff said involved sleeping on the floor. Plaintiff refused, a discussion followed, and plaintiff asked for his pay for the one well. Defendant refused to pay. Plaintiff stopped the work and this suit followed.

Defendant's first assignment is that the court committed prejudicial error in permitting the hotel manager to testify over objection as to her version of the dispute with the defendant. The record shows that before this evidence was admitted plaintiff had testified to sub-

stantially the same thing. A motion to strike the plaintiff's testimony was overruled. That ruling is not assigned as error here.

Later, and before the questioned evidence was admitted, plaintiff testified that they completed the drilling of the first well and erected the windmill the second day; that he and defendant then talked about the drilling of the second well; that defendant said plaintiff would have to stay at the ranch because "'she run me out and I can't stay there'"; and that he, plaintiff, refused to do that and packed up his equipment and left. The evidence went to the question of the reason for plaintiff's failure to drill the second well.

We see no prejudicial error in the admission of the evidence.

At the close of all the evidence defendant moved for a directed verdict on the ground that the evidence was insufficient to sustain a verdict in favor of the plaintiff. Defendant assigns the denial of this motion as error. Plaintiff testified as to the agreement and as to the items that went to make up the total of $120. An itemized statement showing a total of $130 was offered in evidence. Defendant objected to one $10 item and announced that "there is no dispute about the others." Clearly under these circumstances defendant was not entitled to a directed verdict in his favor.

Defendant assigns as error that the amount of the recovery is excessive. This is based upon three contentions. The first is that defendant was entitled to recover $20 on his cross-petition for two trips to town with plaintiff's machinery for repairs. Defendant testified that plaintiff asked him to render this service; that he did so; and that the reasonable value of this service was $20. Plaintiff testified that when he needed to go to town with some of his machinery, he had his own truck available, but that defendant offered to take it to town for repairs, and that on the way in defendant's truck stalled

and someone else completed the hauling. The evidence is indefinite.

The next contention is that defendant should have been allowed $25 for meals and lodging furnished plaintiff. Plaintiff testified that it was a part of their agreement for defendant to provide those items. The defendant testified that he paid for meals and lodging as an advance to plaintiff.

Defendant's next contention is that he was entitled to damages for plaintiff's failure to complete the two-well contract and that plaintiff was not entitled to recover until both wells were dug. Plaintiff testified that he agreed to dig the two wells and in effect that defendant breached the contract by refusing to furnish room and board in Mullen; that plaintiff then refused to go ahead; that he asked defendant to pay him for the one well; that defendant said he didn't know whether he had any money in the bank; and that plaintiff then said he was sure he did not want to put the other well down. On this last feature of the evidence, defendant's testimony on cross-examination is: "Q And didn't you tell him you didn't think you had enough money in the bank to pay him? A I already said I did, but I could change it the other way, to have it both ways to be sure. Q You could have it both ways, did you tell him you didn't have enough money in the bank then? A Not right then."

As to damages, defendant testified that he hauled out material for the second well at the reasonable value of $15, and that he "estimated" $200 for loss of use of the second well. That is the extent of the evidence.

These issues were submitted to the jury under instructions that are not questioned here.

The rule is: "In a law action tried to a jury on substantially conflicting evidence and under proper instructions, the verdict of the jury will not be disturbed." Coryell v. Robinson Outdoor Advertising Co., 140 Neb. 855, 2 N. W. 2d 106.

Defendant testified that he paid $25.10 for room and meals for plaintiff and his employee and that the receipts showing the payment had been turned over to his then trial lawyer, who forgot to bring them to court. Defendant contends that he is entitled to a new trial because of that situation. There is no dispute in the record that defendant paid for the room and meals of plaintiff. Plaintiff so testified. The receipts, if produced, would have been merely cumulative evidence of a fact not in dispute. Defendant knew of these receipts before trial. The failure to produce them was defendant's. He shows no diligence. Obviously he is not entitled to a new trial on that ground.

The rule is: "To justify a reversal of the judgment of the district court, error must affirmatively appear." Wilson v. Dallas, 84 Neb. 605, 121 N. W. 1128.

We find no merit in this appeal.

The judgment of the trial court is affirmed.

AFFIRMED.