FRED EGGER SONS, A COPARTNERSHIP, APPELLEE, V. JOHN A. WELSH ET AL., APPELLANTS.

69 N. W. 2d 366

Filed March 18, 1955. No. 33647.

*Raymond P. Medlin* and *Lightner & Johnson,* for appellants.

*Wagner, Wagner & Robak,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Fred Egger Sons, a copartnership, plaintiff and appellee, against John A. Welsh and Meta M. Welsh, defendants and appellants, to reform a deed to certain real estate in Platte County, Nebraska, on the ground that the deed contained a mutually mis-

taken description of the land intended to be conveyed. The defendants were grantors and the plaintiff was grantee in the deed. John A. Welsh died and the action was revived in the name of Meta M. Welsh.

The case was tried to the court after which a decree was rendered in favor of plaintiff for reformation but not to the extent prayed. The plaintiff however has not cross-appealed and does not complain about the failure of the court to grant it all of the relief to which it contends that it is entitled. From the decree the defendants appealed.

Pertinent facts are that on January 10, 1953, an option to purchase the land in question was exercised by plaintiff and on January 12, 1953, the defendants executed and delivered a deed. The deed described an area 100 feet north and south by 119.9 feet east and west. The south line bordered on what is known as U. S. Highway No. 30. It is inferable from the record that the highway is 66 feet in width. It is also asserted in the brief of appellants that this is the width and to this no exception is taken. The plaintiff substantially contends that when the deed was executed it was the intention of the parties that the deed should embrace an area extending northward 100 feet from the north side of the highway or 133 feet from the center thereof and that the failure of the deed to make this clear was a mutual mistake.

The defendants on the other hand contend that there was no mutual mistake and that the conveyance was of 100 feet from the center of the highway.

Title was quieted in plaintiff by the decree apparently to an area extending 128 feet from the center of the highway or 95 feet from the north edge thereof, although this is none too clear. This is the way the matter was treated on appeal without any exception being taken thereto. The theory of the court in so decreeing is not apparent.

The pleadings are sufficient to sustain a decree quieting title to 133 feet from the center or 100 feet from

the north edge. As already pointed out the plaintiff does not complain of this here. No complaint concerning it is available to the defendants that title was quieted to 128 feet instead of 133 feet.

In this case the bill of exceptions was quashed, therefore, we may not review the evidence to see whether or not it sustains the decree. The only question is that of whether or not the pleadings support the decree. Gaines v. Warrick, 113 Neb. 235, 202 N. W. 866; Joyce v. Tobin, 126 Neb. 373, 253 N. W. 413.

As has already been pointed out the pleadings upon which the decree is based are sufficient to support the decree. Accordingly it is affirmed.

AFFIRMED.