CLIFTON BRYANT, APPELLANT, V. EDMOND E. GREENE,
APPELLEE.

80 N. W. 2d 137

Filed December 28, 1956. No. 34032.

*Alfred A. Fiedler* and *Ira Epstein,* for appellant.

*Robinson, Hruska, Crawford, Garvey & Nye,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for personal injuries caused by the defendant when the latter drove his automobile into and against the person of the plaintiff at a pedestrian crossing at a street intersection in the city of Omaha. The defendant denied any negligence on his part and alleged that the accident was due to the negligence of the plaintiff. Defendant further alleged, without admitting liability, that a payment was made to the plaintiff and a release obtained from the plaintiff in full and complete settlement of any liability on the part of the defendant. In his reply the plaintiff alleged that the release was obtained by fraud and misrepre-

sentation. A trial was had to a jury. At the close of plaintiff's evidence defendant moved for a directed verdict. The motion was sustained and plaintiff has appealed.

We are required to take notice of the fact that there is no proper bill of exceptions filed in this case. The record shows that plaintiff filed his notice of appeal on March 30, 1956. The initial period for reducing his exceptions to writing was 40 days from the date the notice of appeal was filed. § 25-1140, R. R. S. 1943. No extension of time was granted by the trial court as authorized by section 25-1140.07, R. R. S. 1943. The time for reducing the exceptions to writing therefore expired on May 9, 1956. Plaintiff had 10 days to serve the draft of the bill on the adverse party, as provided by section 25-1140.03, R. R. S. 1943. This period ended on May 19, 1956. The defendant then had 10 days to prepare proposed amendments and return the bill to the plaintiff, as provided by section 25-1140.04, R. R. S. 1943. This period ended on May 29, 1956. The bill must thereafter be presented to the court for settlement and allowance within 10 days. § 25-1140.05, R. R. S. 1943. This period ended on June 8, 1956. The bill was not settled and allowed until June 12, 1956. There is no authority for settling and allowing a bill of exceptions more than 70 days after the filing of a notice of appeal when no extension of time has been obtained as authorized by statute and the rules of this court. Jones v. City of Chadron, 156 Neb. 150, 55 N. W. 2d 495. The bill of exceptions must be prepared, served, returned, settled, and allowed in accordance with the statute. Its terms are mandatory. A bill of exceptions which is not prepared in accordance with the statute will be quashed on motion of the adverse party. Neighbors & Danielson v. West Nebraska Methodist Hospital, 162 Neb. 33, 74 N. W. 2d 854. This court will also take judicial notice of the fact that the bill of exceptions was not settled and allowed within the time provided by statute, and

therefore cannot be considered on appeal. Gernandt v. Beckwith, 160 Neb. 719, 71 N. W. 2d 303; Zenker v. Zenker, 161 Neb. 200, 72 N. W. 2d 809; Neighbors & Danielson v. West Nebraska Methodist Hospital, *supra*. In the last case cited, this court examined the statutes with which we are here concerned and carefully prescribed the method for obtaining a proper bill of exceptions. A court rule was therein promulgated to protect diligent litigants against unforeseen hazards. As we said in that case, the statute and the rules of this court implementing it are mandatory. In the present case the proposed draft of the bill was not prepared and delivered to the defendant until May 31, 1956, 22 days after the initial 40 days had expired. The proposed draft of the bill was not settled and allowed until June 12, 1956, 4 days after the trial court's authority to do so had expired. We are required to hold that there is no bill of exceptions before us which can be considered on this appeal.

In the absence of a bill of exceptions the only question remaining is whether or not the pleadings support the judgment of dismissal. Fred Egger Sons v. Welsh, 160 Neb. 124, 69 N. W. 2d 366; Gernandt v. Beckwith, *supra*. In the instant case the trial court directed a verdict because of a want of evidence to make a case. The rule in such a situation is: "In the absence of a bill of exceptions, it is presumed that an issue of fact presented by the pleadings was established by the evidence, that it was correctly decided, and the only issue that will be considered on appeal is the sufficiency of the pleadings to support the judgment." Jones v. City of Chadron, *supra*. The pleadings are sufficient to sustain the order of the trial court. Consequently, the judgment of the district court must be affirmed.

AFFIRMED.