IN RE ESTATE OF EMMA NISSEN, DECEASED. MELVINA HILLIGAS, APPELLANT, V. FRANK M. FARR, ADMINISTRATOR OF THE ESTATE OF EMMA NISSEN, DECEASED, APPELLEE.

105 N. W. 2d 578

Filed October 28, 1960. No. 34799.

*E. H. Powell,* for appellant.

*John E. Dougherty* and *Charles L. Whitney,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The estate of Emma Nissen, deceased, was probated in the county court of Hamilton County, Nebraska. A claim was filed against the estate by "Mr. and Mrs. Ralph Hilligas" for $1,791.50, "for services rendered by each (of) us for decedent, and other miscelaneous (sic) items, over the years, as per attached itemization marked 'Exhibit A.'" A trial was had in the county court which resulted in an adjudicated allowance in the amount of $145 only. Mrs. Hilligas, using her true name of Melvina Hilligas, appealed from the adjudication to the district court. Ralph Hilligas did not join in the appeal. On appeal Melvina Hilligas filed a petition in which she claimed a right of recovery in the amount of $1,407.50. Issues were joined in the district court between Melvina Hilligas and Frank M. Farr, administrator of the estate. A trial was had to a jury which resulted in a verdict and judgment in favor of Melvina Hilligas and against the administrator for $1,407.50.

A motion for new trial, or in the alternative for judgment notwithstanding the verdict, was duly filed. Judgment notwithstanding the verdict was denied but a new trial was ordered. Melvina Hilligas has appealed from the order sustaining the motion for new trial.

On the appeal here Melvina Hilligas is designated plaintiff and appellant. She will be referred to hereinafter as plaintiff. The administrator is designated defendant and appellee. He will be referred to as defendant.

As grounds for reversal the plaintiff sets forth two assignments of error. The first is: "The trial court erred in granting a defense motion for a new trial (T42)." The second is: "The court's ruling at 2:157 is correct, and the court erred in departing therefrom at E10:177,179 and in entering the order at T42."

It is of course true that the content of the motion for new trial must be ascertained. It is further true of course that if a ground or grounds related to competency, relevancy, or materiality of evidence received or the propriety of the rejection of evidence, such questions could not be passed upon in the absence of a record of the evidence unless for some reason the assignments of error may not as a matter of law be considered.

The motion for new trial in this case contains 47 specifications of grounds for new trial. A proper determination upon the subjects contained in no less than 27 of them cannot be made in the absence of opportunity to examine a record of the evidence relating to these subjects adduced at the tiral. There is before this court no such record.

There is a bill of exceptions, it is true, but it is only a partial one properly prepared and presented agreeable to Rule 7, paragraphs c and d, of the Revised Rules of the Supreme Court, Part I, Practice in Supreme Court, which rule is authorized by section 25-1140, R. S. Supp., 1959. This was prepared and presented pursuant to order and request of the plaintiff.

There is another volume denominated "Partial Bill of Exceptions No. 2" but in the light of a proper interpretation of Rule 7 of the rules of the Supreme Court and particularly paragraph e thereof this may not be regarded as a part of the bill of exceptions or as a partial bill of exceptions. If it is capable of characterization it must be regarded as an attempted amendment.

Paragraph e of Rule 7 of the rules of the Supreme Court provides for amendment and prescribes the method of accomplishment. It provides that where amendment is not agreed to by the parties the question of whether or not there shall be amendment shall be heard and decided, on notice, by the district court. It is further required that the order of the district court as to amendment shall be attached to the bill of exceptions prior to the time the case is submitted to the Supreme Court. There has been no compliance with these requirements.

This volume was prepared pursuant to praecipe filed with the clerk of the district court by the defendant and not the plaintiff. The plaintiff agrees with the conclusion arrived at herein and asserts that it is no part of the bill of exceptions and may not be considered by this court.

The only bill of exceptions here for consideration therefore is the one prepared and presented by express direction of the plaintiff and agreed to in writing by one of the attorneys for the defendant. That direction was that the court reporter prepare and file a bill of exceptions containing the evidence only of the plaintiff when she was on the stand together with the exhibits introduced.

This partial bill of exceptions does not contain any evidence essential as proof of the claim asserted by plaintiff. No evidence appears therein establishing or tending to establish a right of recovery in favor of the plaintiff. The plaintiff does not contend otherwise.

It becomes clear therefore that the evidence on which the order was made is not before this court.

The sole substantial theory on which the plaintiff contends that the court erred in granting a new trial is that after the motion for new trial was submitted the court took it under advisement and, while the court had it under advisement and before ruling thereon, wrote and mailed a letter to the attorneys for the parties advising them as to views with relation to a part thereof and of the intended ruling thereon. The letter does not purport to be a ruling. It appears as exhibit 10 in the partial bill of exceptions. It points out that an appearance will be made in court and an order there entered conforming to the view expressed in the letter. The letter was dated November 6, 1959.

An order was duly rendered in court on January 22, 1960. By the order the motion for new trial was sustained. The order contains no statement of ground for sustaining the motion.

The letter got into the record in the district court on December 11, 1959, after the letter was written, when there was "additional argument on the motion for new trial." This was 1 month and 11 days before the order granting a new trial was rendered. It was offered by the plaintiff and received without objection.

A comment of the court precedes the admission of the letter. It perhaps has no legal force and effect, but it makes it clear that the letter was never intended as an adjudication. It is in pertinent part as follows: "The letter is not a Memorandum Opinion. It's not my thought or was not my thought when I wrote the letter that I would say in the order granting a new trial that I was granting the new trial for any particular reason. I doubt very much if the letter is material for the purpose of your showing, however, I believe I will receive it."

If it were assumed, as it is not herein, that exhibit 10 had any right to judicial recognition it could not be

said that it had the effect of avoiding the necessity of presenting the record of the evidence taken at the trial for review by this court on appeal.

The subject contained in the letter which plaintiff presents here is certain of the testimony of the plaintiff admitted at the trial which the defendant contended was incompetent. In the light of the partial bill of exceptions it becomes apparent that the question of whether or not this evidence was competent could not be determined by this court in the absence of other evidence which has not been presented for review.

In the light of what has been ascertained from the record and pointed out herein, it becomes necessary to proceed to consider certain questions which are primary, basic, and fundamental in the disposition of this appellate proceeding which have not been presented by the briefs in this case.

The first proposition in this area is that on appeal error will not be presumed but it must affirmatively appear from the record. See, Singer Mfg. Co. v. Doggett, 16 Neb. 609, 21 N. W. 468; Aetna Ins. Co. v. Simmons, 49 Neb. 811, 69 N. W. 125; Buck v. Zimmerman, 144 Neb. 719, 14 N. W. 2d 335; Clute v. Mach, 153 Neb. 772, 45 N. W. 2d 897; State ex rel. League of Municipalities v. Loup River Public Power Dist., 158 Neb. 160, 62 N. W. 2d 682; Combes v. Anderson, 164 Neb. 131, 81 N. W. 2d 899; Spidel Farm Supply, Inc. v. Line, 165 Neb. 664, 86 N. W. 2d 789; Hert v. City Beverage Co., 167 Neb. 557, 94 N. W. 2d 27. This is the general rule.

There is nothing in the decisions of this court the effect of which is to say that this general rule does not apply where the appeal is from any order involving the necessity for an examination of the evidence. Explicitly, in a case where a motion for new trial is sustained and the determination of the propriety of the order depends upon the examination of evidence the rule does apply. See, Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695,

35 N. W. 2d 772; Bryant v. Greene, 166 Neb. 520, 89 N. W. 2d 579; Hert v. City Beverage Co., *supra*.

The all-embracing rule in a case where there is an appeal from an order granting a new trial, where no reason has been given therefor, is that the appellant is required to bring the record to the Supreme Court together with his assignments of error and submit the record for critical examination with a contention that there was no prejudicial error. See, Greenberg v. Fireman's Fund Ins. Co., *supra;* Bryant v. Greene, *supra;* Hert v. City Beverage Co., *supra*.

The exaction of the law that the record of the evidence must be presented when questions of fact are to be determined on appeal means that the entire record of the evidence shall be presented.

In Hazelet v. Holt County, 51 Neb. 724, 71 N. W. 719, it was said: "In the absence of a proper bill of exceptions, all assignments of error which require for their determination a reference to such a bill must be overruled." See, also, In re Estate of Abts, 122 Neb. 714, 241 N. W. 270; Plantz v. Peony Park, 129 Neb. 338, 261 N. W. 826; Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312; National Fire Ins. Co. v. Evertson, 157 Neb. 540, 60 N. W. 2d 638; Palmer v. Capitol Life Ins. Co., 157 Neb. 760, 61 N. W. 2d 396; Pauley v. Scheer, 168 Neb. 343, 95 N. W. 2d 672; Peterson v. George, 168 Neb. 571, 96 N. W. 2d 627; Lange v. Kansas Hide & Wool Co., 168 Neb. 601, 97 N. W. 2d 246.

The conditions therefore which would prevent the necessity for a presentation of a record of the evidence would be where the motion was not dependent upon an examination of evidence, or a reason given by the court in the order sustaining the motion which would point to a valid conclusion that there was an absence of necessity for such an examination. Neither of the conditions appears in this case. As pointed out, a large number of the assignments of error in the motion for new trial are predicated upon matters the propriety of

which may be determined only upon what appears or does not appear in the evidence. Also no reason for the order sustaining the motion for new trial is stated therein.

In the light of these principles there is nothing before the Supreme Court upon which a conclusion may be reached that the district court erred in sustaining the motion for a new trial.

The order and judgment of the district court in sustaining the motion for new trial is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.