FLORENCE GILL, APPELLANT, v. JOHN S. HRUPEK, DOING BUSINESS AS JOHNNY HRUPEK'S CAFE, APPELLEE.
168 N. W. 2d 377

Filed May 23, 1969. No. 37180.

Robert C. Vondrasek, for appellant.

Emil F. Sodoro and Jon S. Okun, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This action arises under the provisions of the Nebraska Workmen's Compensation Act. It is here for trial de novo.

The case was tried before one of the judges of the Nebraska Workmen's Compensation Court who rendered an award finding plaintiff sustained a compensable injury and that she was temporarily totally disabled for a period of 2 weeks. Compensation was allowed for 1 week, in the amount of $42, together with medical expenses of $18, $21 as a penalty on the award, and $100 attorney's fees. The defendant-employer appealed directly to the district court where the award was sustained but the penalty and attorney's fees were disallowed. Plaintiff perfected an appeal to this court.

The injury occurred on August 20, 1967, but was not reported by the defendant to his compensation carrier until after a petition was filed in the compensation court. The defendant was billed for medical services rendered in the amount of $18. On February 6, 1968, the treating physician advised plaintiff that the defendant had ignored his two requests for payment, and requested payment from the plaintiff. Plaintiff consulted an attorney who on February 22, 1968, 6 months after the injury, made a written demand on the defendant for

payment of the medical bill and for $42 for 1-week's compensation. Defendant paid the medical bill but ignored the claim for compensation. Plaintiff filed her petition in the compensation court on May 22, 1968, 3 months after her counsel had made written demand on the defendant for payment. Defendant filed a first report of the injury with his compensation carrier June 7, 1968. This report listed plaintiff's length of disability at 2 weeks. The compensation court so found and assessed a penalty pursuant to section 48-125, R. R. S. 1943. The district court sustained the award but erroneously disallowed the penalty. We sustain the assessment of the penalty and the allowance of attorney's fees.

Section 48-125, R. R. S. 1943, provides as follows: "Except as hereinafter provided, all amounts of compensation payable under the provisions of this act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death; Provided, fifty per cent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability. Whenever the employer refuses payment, or when the employer neglects to pay compensation for thirty days after injury, and proceedings are held before the compensation court, a reasonable attorney's fee shall be allowed the employee by the court. In the event the employer appeals to the district court from the award of the compensation court, or any judge thereof, and fails to obtain any reduction in the amount of such award, the district court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court."

The plaintiff's claim was not disputed in the compensation court. On appeal from the award defendant raised a question as to the extent of plaintiff's disability. As we view the record, there was no reasonable con-

troversy until defendant's compensation carrier attempted to raise one on a technicality after the award in the compensation court. It would be a travesty on justice to conclude that defendant in good faith pursued his remedy with proper diligence, as argued in his brief. He is confusing his action with that of his compensation carrier after plaintiff filed her petition. The waiting time in section 48-125, R. R. S. 1943, begins to run when the employer receives notice of the disability, not when notice is given to the compensation carrier.

There has never been any issue herein other than plaintiff's claim for 1-week's compensation and payment of medical services. Defendant paid plaintiff's medical bill sometime after the letter of February 22, 1968, and not only ignored her claim for compensation but failed to report the accident and claim to his compensation carrier until 16 days after plaintiff filed her petition in the compensation court. This was more than 9 months after the accident and more than 3 months after plaintiff's attorney had made a demand for payment. Defendant, in his report to his carrier on June 7, 1968, stated that plaintiff's probable length of disability was 2 weeks.

The Workmen's Compensation Act is remedial in nature and its purpose is to do justice to workmen without expensive litigation and unnecessary delay. Hanley v. Union Stock Yards Co., 100 Neb. 232, 158 N. W. 939.

This was a minimal claim, the payment of which defendant sought to avoid by ignoring it. Obviously, section 48-125, R. R. S. 1943, is particularly pertinent to the facts herein. The allowance of the penalty and an attorney's fee were proper.

For the reasons given, the judgment is reversed and the cause is remanded to the district court for the entry of a judgment in conformity with this opinion. Plaintiff is allowed $350 for attorney's fees in this court.

REVERSED AND REMANDED.

CARTER, J., dissenting.

This case originated in the Nebraska Workmen's Com-

pensation Court which, after a hearing before a single judge, entered an award for disability in the amount of $42, with a penalty for delay of 50 percent, and an attorney's fee of $100. An appeal was taken to the district court. On a trial de novo, the district court, after a hearing, entered an award for 1 week's disability without penalty or an attorney's fee. The plaintiff appealed to this court.

On September 18, 1968, a trial of the case was had. The court's journal for said date shows: "Now, on this day, this matter came on for trial, the parties hereto appearing by their respective counsel. Plaintiff produced evidence. Defendant produced evidence. Parties rested. Summations made. Matter taken under advisement." On October 18, 1968, the decree heretofore mentioned was entered.

I am in complete agreement with the trial court's holding that plaintiff was disabled for 2 weeks as the result of an accident arising out of and in the course of the employment. The employer admits this fact in his pleadings. The only issue is whether or not there was a delay in the payment of compensation that warranted the assessment of a penalty under the provisions of section 48-125, R. R. S. 1943. This in turn requires a determination of whether or not the delay was the result of a reasonable controversy. If it was, and this is the sole and only issue, the employer is not subject to penalty. The trial court determined after a trial that a penalty could not properly be assessed. Wheeler v. Northwestern Metal Co., 175 Neb. 841, 124 N. W. 2d 377; Hiestand v. Ristau, 135 Neb. 881, 284 N. W. 756.

A purported bill of exceptions was filed in this court. It consists solely of eight exhibits. The certificate of the court shows that the presence of a court reporter was mutually waived and that there was no stenographic report of the trial. There is no certificate by the judge or court reporter that the bill of exceptions contains all the evidence introduced and considered by the court.

It is a partial bill of exceptions not in accordance with Rule 7c, of the Revised Rules of the Supreme Court, 1967. We are required to take notice of the fact that there was no proper bill of exceptions filed in a case before us. Bryant v. Greene, 163 Neb. 497, 80 N. W. 2d 137.

"It was many years ago determined, has since been frequently repeated, and quite recently reiterated that a bill of exceptions in a case tried in the district court must be authenticated by the certificate of the clerk of such court to entitle it to be considered in the Supreme Court. If a purported bill of exceptions has not been so authenticated, its contents will not be examined or considered by this court for any purpose. * * * The practice is firmly established and has been consistently adhered to that this court will on its own motion refuse to consider a document appearing in the record and purporting to be a bill of exceptions when not authenticated as such by the certificate of the clerk of the district court. * * * In the absence of a bill of exceptions, no question will be considered, a determination of which requires an examination of the evidence produced in the trial court. It follows that any assignment of error that requires an examination of evidence cannot prevail on appeal in the absence of a bill of exceptions." Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312.

In In re Estate of Jurgensmeier, 142 Neb. 188, 5 N. W. 2d 233, we said: "Two sufficient reasons require us to sustain the action of the district court: First, the district court journal recording the action on this special appearance recites that 'hearing is had, evidence taken.' This evidence not being perpetuated and incorporated in the bill of exceptions allowed in this case, we are compelled to assume that the judgment entered by the district court was in accord with the proof."

In Hilligas v. Farr, 171 Neb. 105, 105 N. W. 2d 578, we said: "The exaction of the law that the record of the evidence must be presented when questions of fact

are to be determined on appeal means that the entire record of the evidence shall be presented."

I submit that under the foregoing holdings a judgment of the district court is presumptively correct in this court when there is no bill of exceptions containing all the evidence, except when a partial bill is agreed upon in accordance with Rule 7c, of the Revised Rules of the Supreme Court, 1967.

Even if the exhibits contained in the purported bill of exceptions could be considered by this court, there is nothing in them that sustains a reversal in this case. The defendant below admitted disability for 2 weeks and liability for the payment of compensation for 1 week. Defendant below denied that he was subject to a penalty for delay under the compensation act. This was the issue before the court. The presumption is that the evidence adduced sustains the findings of the trial court. While the briefs indicate a delay of more than 30 days in the payment of compensation, the exhibits do not show that there was no reasonable controversy which is a condition precedent to the assessment of a delay penalty.

The exhibits consist of the report of the employer, the reports of the attending physician, and correspondence between counsel. That the claim was not paid within 30 days is not disputed. But this is not the issue. The issue is whether or not there was a reasonable controversy as to the liability or the amount due.

I submit that there was a basis for controversy over this claim. Plaintiff's physician in a letter to plaintiff's attorney under date of September 16, 1968, stated: "Because of the nature of Mrs. Gill's work, that is a fry cook, it would seem reasonable to me that a total disability of two weeks on this injury would be anticipated. I routinely advise patients with similar injuries to keep the affected part dry until it is well healed, and in Mrs. Gill's case this would have been necessary for approximately one week after I dismissed her from

treatment." Since the first week of disability of short duration is not compensable for time lost, a difference of opinion could well arise as to the amount, if any, the employer was required to pay. The demand of plaintiff's attorney for the $42 was accompanied by a further demand for a $50 attorney's fee which was not due and owing under the compensation law at that time. There simply is no evidence in this record establishing that the delay was allowable under the compensation act. It is by surmise and conjecture that we penalize the employer. It is fundamental that where the record contains no authentic bill of exceptions, or the bill of exceptions has been quashed, no question will be considered on appeal the determination of which necessarily involves examination of evidence adduced in trial court, and in such a situation, if the pleadings are sufficient to support the judgment, it will be affirmed. Blanco v. General Motors Acceptance Corp., 180 Neb. 365, 143 N. W. 2d 257. The same rule applies to an improperly authenticated partial bill of exceptions. But what is more important still, we are reversing the judgment of a trial judge without the evidence before us that he had before him and on which his judgment was based. I would affirm the judgment.

WHITE, C. J., dissenting.

I concur in Judge Carter's dissent and also add the following observations in support of the conclusions made therein. The statute since 1961 provides that this court promulgates the rules for the preparation, filing, and delivery of a bill of exceptions in all cases.

Our rules require: "* * * a praecipe requires that *all* of the evidence offered at the trial and all of the evidence offered at any hearing on any matter and the rulings thereon be included in the bill of exceptions." (Emphasis supplied.) Rule 7c, Revised Rules of the Supreme Court, 1967.

And there could be no partial bill of exceptions because our rules require that a partial bill of exceptions

must be prepared only if the written consent of all other parties be endorsed on or attached to such praecipe. Rule 7c, Revised Rules of the Supreme Court, 1967. No such consent or stipulation appears in this case. Our rule provides: "The bill of exceptions shall be certified by the court reporter as being correct and *complete* in accordance with the praecipe." (Emphasis supplied.) Rule 7d1, Revised Rules of the Supreme Court, 1967. Our Rule 7d2, Revised Rules of the Supreme Court, 1967, provides as follows: "If the court reporter is unable to prepare and certify a bill of exceptions, a bill of exceptions shall be prepared under the direction and supervision of the trial judge and *shall be certified by the judge* and delivered to the clerk of the district court." (Emphasis supplied.) The trial judge in his certificate stated as follows: "That at said trial, Counsel for Plaintiff offered what are herewith marked as Exhibits 1 through 8, inclusive, and that said Exhibits were received in evidence by the Court." Elsewhere the certificate of the court reporter states that counsel for both parties waived the reporting of the cause and tried same to the court and "that said record was not prepared in the usual and customary manner, of preparing Bills of Exceptions, * * *."

The praecipe requires that *all* of the evidence be included in the bill of exceptions. It requires a certificate by the court reporter or the judge, "as being correct and complete in accordance with the praecipe." Rule 7d1, Revised Rules of the Supreme Court, 1967.

It seems clear to me that we have no bill of exceptions in this case. What we have, and by express recital by the trial judge, is nothing more than a certificate that eight exhibits were entered and received in evidence.

The rules involved here are not mere technical rules. I know of no procedural rule in our court's history that has been more rigidly enforced than the one that protects the integrity of this court's jurisdiction by requir-

ing, in the interests of justice, that there be guaranteed to this court a complete record of all the evidence for judicial review. In the absence of such a bill of exceptions or such a certificate guaranteeing the authenticity of the transcript containing all the evidence, the only question that this court can decide is whether the pleadings support the judgment entered by the lower court. The cases reveal that this is not a rule created for the purpose of disposing of an adversary procedural controversy by counsel, but rather rests basically on the necessity of the court's preserving the integrity of its jurisdiction and not deciding cases only on an apparent incomplete record of the evidence or on conjectural speculation. And it has long since been determined that it is the responsibility of the appellant to procure a proper bill of exceptions if he wishes to have reviewed any issue presenting a question of the sufficiency of the evidence or the trial of a fact issue. See Crafts v. Sawtelle, 132 Neb. 592, 272 N. W. 567.

Turning to an examination of the exhibits, I can find very little, if any, basis for a determination that no reasonable controversy existed with reference to the second week of disability prior to the time the litigation and the suit in compensation court was initiated. There is a statement (exhibit 1) by the plaintiff's doctor that he had billed the employer for an $18 charge and had not received payment. No inference can be drawn from this exhibit as to the extent of disability. On February 22, 1968, the plaintiff, through her attorney, made claim against the defendant for the $18 doctor bill and for the second week of workmen's compensation wages to his client. I am unable to come to the conclusion that a naked statement for a doctor bill by the attending physician without a recital of the extent of disability or a letter asserting a claim for this amount from a lawyer constitutes a showing that no reasonable controversy existed as to whether the disability actually existed and whether it was unjustly refused by the defendant.

On the contrary, a statement by the plaintiff's doctor, dated July 23, 1968, states that the date of the injury was August 20, 1967, and the patient was discharged as cured on August 28, 1967. This, of course, would permit only an inference of a week of disability, which is noncompensable under the compensation law. Significant is the fact that in this report the day on which the patient was able to return to work is left blank in the spaces provided for an answer. In the medical report by claimant's doctor, W. E. Engdahl, M.D., on July 23, 1968, the questions 20, 21, and 22 requiring answers as to when the patient was able to resume regular work or when she would be able to resume work were left blank. The first medical report by the plaintiff's doctor sustaining her claim for 2 weeks of disability appears in the record in exhibit 2, a letter to the plaintiff's attorney from the doctor reciting in effect that she was entitled to a week of compensable disability, or a total of 2 weeks altogether.

The first appearance of any evidence that could be considered to show liability of the defendant was his report to the Workmen's Compensation Court dated June 7, 1968. In this report it is recited: "Probable length of disability - 2 weeks." This is a report filed in the Workmen's Compensation Court after the initiation of litigation to recover the claim. The plaintiff was injured on August 20, 1967. She was discharged as cured by the doctor on August 28, 1967. The medical reports sustaining the claim for the 2 weeks of disability were all filed and first appear in the picture after the initiation of litigation. The admission on June 7, 1968, responsive to the demands of litigation that the plaintiff suffered a probable disability of 2 weeks, is not, in my opinion, any evidence that the defendant knowingly or unjustly and unreasonably refused pay of the extra week of disability now sustained by the doctor's subsequently filed medical reports. We do not know that we have all of the evidence. But if we do, there is no

evidence that at the time or immediately subsequent to the suffering of the second week of disability that the defendant knew of it or was notified of it by the plaintiff. Nor is there any evidence that in the intervening period of time, either by her doctor or by plaintiff, that she made the claim against the defendant or demanded the payment of the compensation disability. The first appearance of even a claim for the second week of disability is in the letter from the lawyer to the defendant threatening litigation to collect it. In the light of her own doctor's reports and in the light of the somewhat equivocal statement in this respect made as late as September 1968, and in the absence of any evidence from the plaintiff herself, it seems to me that the district court was correct in not finding that a reasonable controversy existed with reference to the plaintiff's additional disability. Or to put it another way, it seems to me that there was insufficient evidence to sustain the plaintiff's burden of proof to show that the defendant unjustifiably refused to pay for the claimed compensable disability. Surely it must be conceded that defendant cannot be penalized in the district court for the time delay involved in litigating the issue of whether the plaintiff had met her burden of proof to show that the defendant unjustifiably refused to pay her claim for the additional week's compensation.

BOSLAUGH, J., concurring.

The praecipe which was filed in this case requested preparation of the "Bill of Exceptions." The bill of exceptions was then prepared and filed pursuant to Rule 7, Revised Rules of the Supreme Court, 1967. It was prepared under the direction and supervision of the trial judge and certified by him because both parties waived a stenographic record of the proceedings.

When the bill of exceptions was filed in the office of the clerk of the district court it became the official bill of exceptions. It was, of course, subject to amendment if incomplete. That is the remedy available to a party

who claims that material evidence has been omitted from the bill of exceptions.

The accident in this case occurred on August 20, 1967. The First Report of Accident, signed by the employer and dated June 7, 1968, stated the probable length of total disability to be 2 weeks. The hearing before the compensation court was on July 8, 1968. The medical report which is somehow relied upon as a justification for the defendant's delay is dated July 23, 1968. If, as the dissenting Judges say, the defendant admitted in his pleadings that the plaintiff was disabled for 2 weeks, it is difficult to see how there could be a reasonable controversy over this fact.