IN RE APPLICATION OF ALBERT ROY ANDREWS, DOING BUSINESS AS ANDREWS TRANSFER & STORAGE, NORFOLK, NEBRASKA. ALBERT ROY ANDREWS, DOING BUSINESS AS ANDREWS TRANSFER & STORAGE, NORFOLK, NEBRASKA, APPELLANT, V. NEBRASKA STATE RAILWAY COMMISSION, APPELLEE.

121 N. W. 2d 32

Filed April 12, 1963. No. 35388.

Nelson, Harding & Acklie and Richard A. Peterson, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

Albert Roy Andrews, hereinafter referred to as appellant, filed a petition with the Nebraska State Railway Commission, hereinafter referred to as commission, on December 30, 1954, for an order nunc pro tunc, seeking an order correcting and clarifying the order of the commission entered on March 31, 1938, which granted and issued to appellant a certificate of public convenience and necessity. This certificate authorized the transportation of general commodities over irregular routes from Madison County, to and from Omaha, and occasionally to and from various points within the State of Nebraska. The purpose of the appellant's petition was to correct this certificate to properly reflect the authority authorized by a report of an examiner for the commission which was approved by the commission; and in addition, to reflect the scope of appellant's operations as the same had been conducted on and prior to April 1, 1936, and to authorize operations which appellant has conducted since that time.

The proceedings before the commission appearing in the transcript from which appeal was taken by the appellant will be referred to later in the opinion.

The appellant assigns as error that the order of the commission entered on June 10, 1955, is unreasonable, arbitrary, and contrary to law by denying the appellant's petition for an order nunc pro tunc, and in overruling the appellant's motion for rehearing and reconsideration.

The appellant in his petition alleged in substance that he was engaged in business under the trade name and

style of Andrews Transfer & Storage, Norfolk, Nebraska, a motor common carrier of property in Nebraska in intrastate commerce and also in interstate commerce, and moved the commission for an order nunc pro tunc, correcting and clarifying the order of the commission entered on March 31, 1938, which granted and issued grandfather certificate No. 2611, under application No. M-1110 to the appellant.

In support of this request for an order nunc pro tunc, the appellant showed to the commission the following: Chapter 142, section 7 (a), Laws 1937, which is the so-called "grandfather" clause, provides in part as follows: "Ninety days after the effective date of this Act it shall be unlawful for any common carrier by motor vehicle subject to the provisions of this Act to engage in any intrastate operations on any public highway in Nebraska unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations: Provided, however, subject to Section 9 of this Act, if any such carrier or predecessor in interest was in actual bona fide operation as a common carrier by motor vehicle on April 1, 1936, over the route or routes or within the territory for which application is made, and has so operated since that time * * * the Commission shall issue such certificate without requiring further proof that public convenience and necessity will be served by such operation and without further proceedings if application for such certificate is made to the Commission as provided in paragraph (b) of this section and within sixty days after the effective date of this Act. * * * (b) Application for certificates shall be made in writing to the Commission, be verified under oath, and shall be in such form and contain such information as the Commission shall by regulation require."

The petition further alleged that on or about August 24, 1936, within the 60-day period, appellant filed his written "grandfather" application on form M-1-1 as pre-

scribed by the commission; and that as disclosed by the application, the appellant sought a grandfather certificate of public convenience and necessity which would authorize him to continue as a common carrier of property by motor vehicle and to render the same type of service to the shipping public as had been performed by him since 1920. The appellant attached certain sworn statements to his application indicating that the appellant had hauled merchandise and general commodities between points in Nebraska for many years prior to the filing of his application.

The petition further alleged that on February 9, 1937, the appellant amended his grandfather application by letter, and advised the commission that his grandfather certificate "should read we move Household gds. fixtures and genl. mdse. any where, any time. Including pool car distribution, in fact anything, anyplace, anytime. Business was established in year 1920"; that this letter was acknowledged by a letter directed to the appellant on February 15, 1937, signed by B. L. Knudson, Director, Motor Transportation, and appellant was advised that the additional information contained in his letter of February 9, 1937, would be filed and attached to his grandfather application; and that in order to determine whether the appellant was in bona fide operation as a common carrier by motor vehicle on April 1, 1936, the matter was set for hearing at Madison, Nebraska, on October 11, 1937, before examiner H. L. Holtzendorff.

The petition further alleged that on March 31, 1938, the commission entered its order in application No. M-1110 granting and issuing a certificate of public convenience and necessity to the appellant as follows: "SERVICE AUTHORIZED: Commodities generally. ROUTE OR TERRITORY AUTHORIZED: Irregluar routes from Madison County, to and from Omaha, and occasionally to and from various points within the State of Nebraska at large"; that after receiving a copy of his grandfather certificate, the appellant believed that some confusion

might arise as to the proper interpretation of his operating certificate; that a discussion was had with the Director of the Motor Transportation Department with reference to the matter; that relying upon the representations made by such Director, appellant continued to perform non-radial, statewide service without respect to a base hub or territory; that as business developed, the appellant added additional equipment and personnel and openly carried on the business which he contends is shown by delivery receipt freight bills prepared by him, an abstract of representative shipments of general commodities transported between points in Nebraska from January 5, 1943, a map substantially disclosing the same information as contained in the abstract of his business which he presented, signed delivery receipts, an abstract of heavy hauling shipments transported by him between points in Nebraska since June 1946, and alleging that said abstract of representative heavy hauling shipments, as well as a map illustrate the same information as that contained in the abstract; that the appellant also prepared from his books and records an abstract of representative shipments of household goods transported by him from January 1943 between points in Nebraska, as well as a map illustrating the same information as that contained in the abstract; that the appellant has held his services out to the public generally to transport commodities generally between points in Nebraska since the date of issuance of his grandfather certificate; that such service was performed without interruption until September 18, 1953, at which time the Director of the commission's Motor Transportation Department advised the appellant by letter that it was his opinion that any shipment handled by the appellant which did not either originate or terminate in Madison County would be outside the scope of his territorial authority; that further correspondence resulted in appellant being allowed to continue the same operations until the matter could be brought before the commission; and that in processing

the numerous motor carrier grandfather applications after the examination when such applications were granted or approved and signed by the commissioners, they were placed in the hands of stenographers for the preparation of the final order, and due to the thousands of applications so processed in a very short period of time, many inadvertent errors were committed by the stenographers, and the findings and intentions of the commission, as shown by the approved report, were not fully and correctly reflected in the final orders entered by the commission.

The appellant's petition then referred to the examiner's note sheet and his report as recommending approval by the commission to grant the appellant a non-radial statewide authority, and alleged that if that was not accomplished, it was incumbent upon the commission to correct the descriptive wording appearing in said certificate so as to correctly authorize the operations sought and approved by the commission in the grandfather proceeding; and that by reason of all of the facts and circumstances outlined above, appellant was of the opinion and believed that an order nunc pro tunc should be entered by the commission correcting the order entered on March 31, 1938, to properly reflect the findings and intentions of the commission as expressed in the examiner's report.

The petition further alleged that the appellant offered to voluntarily surrender certain portions of the operating authority and suggested the following certificate of public convenience and necessity: "(a) SERVICE AUTHORIZED: Commodities generally, except those requiring special equipment. ROUTE OR TERRITORY AUTHORIZED: Between points and places in Nebraska over irregular routes. (b) SERVICE AUTHORIZED: Household goods as defined in Practices of Motor Carriers of Household Goods, 17 MCC 467; uncrated office, hospital, and store fixtures and emigrant movables. ROUTE OR TERRITORY AUTHORIZED: Between

points and places in Nebraska over irregular routes. (c) SERVICE AUTHORIZED: Heavy commodities and articles and commodities of unusual size or weight requiring special equipment or handling, including all commodities and articles too heavy or of such size not feasible to move in ordinary vehicles or without special handling. ROUTE OR TERRITORY AUTHORIZED: Between points and places in Nebraska over irregular routes."

The appellant prayed that the commission grant an order nunc pro tunc correcting the order of the commission entered on March 31, 1938, in M-1110 granting and issuing a grandfather certificate to the appellant, and if such relief is granted the corrected certificate of public convenience and necessity be restricted and amended at appellant's request so as to authorize the operations set forth in the last preceding paragraph.

There is no bill of exceptions in this case.

The examiner's memorandum or note sheet on application No. M-1110 under date of October 11, 1937, contains the following: Point or territory where main volume of traffic is obtained: Norfolk, Madison County; point or territory to which main volume of traffic is transported: Omaha; additional points in state to which traffic is transported: Statewide; the character of traffic: Commodities generally.

The examiner, on October 28, 1937, recommended that an order be entered by the commission in accordance with the above findings, and signed the same. Commissioners approving were F. L. Bollen, chairman, and F. A. Good.

By an order by the commission, application No. M-1110 was granted and a certificate of public convenience and necessity issued to the appellant to operate as a common carrier of property by motor vehicle upon the highways of Nebraska, and to render the service over the route or routes or within the territory therein authorized, showing: "SERVICE AUTHORIZED: Com-

modities generally. ROUTE OR TERRITORY AU-
THORIZED: Irregular routes from Madison County, to
and from Omaha, and occasionally to and from various
points within the State of Nebraska at large." This
order was entered on March 31, 1938, and was signed by
F. L. Bollen, chairman, and George E. Truman, secretary.

The appellant sought to have the order of the com-
mission, entered March 31, 1938, on application No.
M-1110, corrected and clarified by an order nunc pro
tunc to authorize the following operations: SERVICE
AUTHORIZED: Commodities generally. ROUTE OR
TERRITORY AUTHORIZED: Between points in Ne-
braska over irregular routes, dated December 30, 1954.

On June 10, 1955, the commission, by order, denied the
appellant's petition for an order nunc pro tunc, stating:
"The Commission is of the opinion that nothing con-
tained in the original or amended grandfather applica-
tion, the Examiner's notes, report and recommendation,
is inconsistent with the issuance of a certificate of public
convenience and necessity authorizing radial territorial
operations. Examination of the supporting evidence
submitted with the petition affirmatively demonstrates
that the Commission did not enter an order other than
the one intended."

On July 7, 1955, motion for rehearing and reconsid-
eration was filed, claiming that the commission erred
in denying the appellant's request for an order nunc
pro tunc and setting forth the alleged errors committed
by the commission. This matter was set for hearing
on April 1, 1957, at 9:30 a.m., in the commission hearing
room, Capitol Building, Lincoln, Nebraska.

By an order entered on January 17, 1958, this mo-
tion was overruled. Thereafter, in an order entered
on January 31, 1958, the commission set aside and held
for naught its order of January 17, 1958, and restored
the appellant's motion for rehearing and reconsidera-
tion to its original status for consideration at a future
date. The commission entered an order on August 29,

1962, overruling the appellant's motion for rehearing and reconsideration.

In Watson Bros. Transp. Co. v. Red Ball Transf. Co., 159 Neb. 448, 67 N. W. 2d 475, this court held: "The rules relating to nunc pro tunc orders are generally applicable to administrative and quasi-judicial commissions. * * * The proper function of a nunc pro tunc order is not for the purpose of correcting some affirmative action of the court which ought to have been taken, but its true purpose is to correct the record which has been made, so that it will truly record the action really had, but which through some inadvertence or mistake has not been truly recorded. In other words, it is an order to make the record speak the truth." See, also, Frankfort Ky. Nat. Gas Co. v. City of Frankfort, 276 Ky. 199, 123 S. W. 2d 270; Hargleroad Bulk Carriers, Inc. v. Ruan Transp. Corp., 173 Neb. 151, 112 N. W. 2d 743.

The appellant argues that on appeal from an order of the commission in a proceeding in which no hearing was held, a bill of exceptions, as such, is unnecessary to a determination on the merits where the evidence before the commission appears elsewhere in the record. The appellant further argues that the certified transcript, which consists of the petition for an order nunc pro tunc and the attachments thereto which consist of certified copies of the original grandfather certificate application; certified copies of affidavits which were submitted with the original grandfather application; correspondence amending and clarifying the original application and acknowledgment and receipt of this amendment; certified copies of the commission's records in the original proceeding including the examiner's note sheet, the examiner's report, and the commission's order of March 31, 1938; maps and abstracts of shipments representing the statewide operations conducted by the appellant under the certificate issued as a result of the grandfather application; exhibits showing a certified copy of the commission's minute entry of November

16, 1937; and the affidavit of the appellant which was received by the commission, placed in the record, and considered by the commission in making the determination now complained of, was sufficient to warrant the commission to grant the appellant an order nunc pro tunc as set forth in the petition.

The appellant cites section 75-407, R. R. S. 1943, which provides as follows: "The evidence presented before the State Railway Commission, as reported by its official stenographer and reduced to writing, shall be duly certified to by the stenographer and the chairman of the commission as the true bill of exceptions, which, *together with the pleadings and filings duly certified in the case under the seal of the commission, shall constitute the complete record and the evidence upon which the case shall be presented to the appellate court."* (Emphasis supplied.)

The appellant contends that the emphasized language set out is sufficient to warrant this court to consider all subject matter such as exhibits, abstracts relating to transportation, letters, etc., and determine from the same the question of appellant's right to have a nunc pro tunc order granted as prayed for by him in his petition and as shown by the transcript.

An analysis and interpretation of the above-cited statute clearly indicates that the evidence before the commission as reported by its official stenographer and reduced to writing shall be duly certified to by the stenographer and the chairman of the commission as the true bill of exceptions. In this connection, the statute is plain.

We are unable to find that the part of the statute just above referred to has been complied with, and it must be complied with to acquire a true bill of exceptions. The appellant's contention cannot be sustained.

The commission had before it certain exhibits contained in a transcript which could have been identified, offered in evidence, and preserved in and made a part of

a bill of exceptions so that they would constitute evidence to be considered by the commission. This the appellant failed to do.

The commission contends that the only fact of importance in this case is that there is no bill of exceptions, consequently there is no evidence before this court for its consideration, and this being true, a discussion of the merits of the case is not here involved.

In Watson Bros. Transp. Co. v. Red Ball Transf. Co., *supra*, this court said: "We have also held: 'The order nunc pro tunc may be supported by the judge's notes, court files, or other entries of record. It may also be based upon other evidence, oral or written, which is sufficient to satisfy the court that the order is required to make the record reflect the truth.' Fisher v. Minor, ante (159 Neb.) p. 247, 66 N. W. 2d 557.

"We review the order subject to the following established rule: 'On appeal to the Supreme Court from an order of the Nebraska State Railway Commission, while acting within its jurisdiction, the question for determination is the sufficiency of the evidence to prove that the order is not unreasonable or arbitrary.' In re Application of Moritz, 153 Neb. 206, 43 N. W. 2d 603.

"What, then, is the evidence upon which the challenged order was based?" The opinion then sets out a summary of the evidence contained in the bill of exceptions to enable this court to arrive at a decision.

In the case of Peterson v. George, 168 Neb. 571, 96 N. W. 2d 627, the court said: "Here there is no bill of exceptions. In view of that fact the following from Spidel Farm Supply, Inc. v. Line, (165 Neb. 664, 86 N. W. 2d 789) *supra*, has application: 'At the hearing of the motion for summary judgment affidavits were presented by the parties and considered by the court. * * * There is no affidavit preserved or contained in the bill of exceptions in this case. The effect of this omission is that any affidavit considered by the district court is not before and may not be considered by this court. An affi-

davit used as evidence in the district court cannot be considered on an appeal of a cause to this court unless it is offered in evidence in the trial court and preserved in and made a part of the bill of exceptions. Berg v. Griffiths, 127 Neb. 501, 256 N. W. 44, 102 A. L. R. 1124; Harder v. Harder, 162 Neb. 433, 76 N. W. 2d 260.' "

As stated in Palmer v. Capitol Life Ins. Co., 157 Neb. 760, 61 N. W. 2d 396, quoting from Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312: " 'In the absence of a bill of exceptions, no question will be considered, a determination of which requires an examination of the evidence produced in the trial court. It follows that any assignment of error that requires an examination of evidence cannot prevail on appeal in the absence of a bill of exceptions.' " There are other cases too numerous to mention which hold to the same effect and which we deem unnecessary to cite.

The above rules likewise apply to the Nebraska State Railway Commission under the circumstances of the instant case.

None of the alleged exhibits heretofore mentioned, attached to the appellant's petition and appearing in the transcript, appear in a bill of exceptions. There is no evidence from which his right to an order nunc pro tunc can be determined in this court due to the state of the record before us. Therefore, we hold that the commission did not act in an arbitrary and unreasonable manner as contended for by the appellant.

We affirm the order of the commission.

AFFIRMED.