IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

GOCEK V. GOCEK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STEVEN W. GOCEK, APPELLANT,
V.
TRACEY L. GOCEK, APPELLEE.

Filed April 16, 2013.    No. A-12-586.

Appeal from the District Court for Otoe County: RANDALL L. REHMEIER, Judge. Affirmed.

Angelo M. Ligouri, of Ligouri Law Office, for appellant.

Richard H. Hoch, of Hoch, Partsch & Noerrlinger, for appellee.

SIEVERS, PIRTLE, and RIEDMANN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Steven W. Gocek appeals from the order nunc pro tunc filed by the district court for Otoe County on June 7, 2012. The order nunc pro tunc amended the parties' decree of dissolution of marriage, filed January 15, 2008, to correct an alleged scrivener's error. For the reasons that follow, we affirm.

## BACKGROUND

The trial for the dissolution of the marriage of Steven and Tracey L. Gocek took place in 2007. During the proceedings on November 30, 2007, the parties informed the court that they had reached a resolution with regard to the issues of the case. The court requested that one of the attorneys set forth in full the nature and substance of the agreement, then the court inquired whether the parties and attorneys were in agreement with the proposed settlement. Steven's attorney stated the parties agreed that "[Steven] would pay [Tracey] alimony of $800.00 a month for six years." The parties clarified the agreement with respect to several points, including the

- 1 -

date of commencement of alimony, the responsibility for tax deductions, health insurance, and so forth. Following the recitation of the terms, the court confirmed each party's agreement to be bound by the stipulated terms.

The court stated a finding that "the parties have reached an agreement and under the circumstances that we have before us today and the evidence that the court has heard, the court would find that the agreement appears to be fair and reasonable and not unconscionable and the court approves the agreement."

Steven's attorney drafted the decree of dissolution of marriage, and Tracey's attorney approved it. On January 16, 2008, the district court for Otoe County filed the decree of dissolution of marriage between the parties. Paragraph 15 of the decree provided that Steven would pay alimony of $800 per month for 60 months, which is a total of 5 years and was not the term agreed upon by the parties during the trial. Neither Tracey, Tracey's attorney, nor the court noticed the change at the time the decree was prepared.

On May 14, 2012, Tracey filed a motion for order nunc pro tunc alleging that paragraph 15 contained a "scrivener's error," because it ordered alimony for 60 months, instead of the previously agreed to 6 years, or 72 months.

This issue came before the court on June 4, 2012. Tracey offered exhibit 28, a partial transcript of the November 30, 2007, proceedings, wherein the parties agreed to 6 years of alimony. Steven asserted the agreement was misstated in the stipulation at trial and offered exhibit 29, a letter between the parties' counsel containing negotiations regarding alimony. Steven also asserted the court should enforce the terms in the decree because it was reviewed and approved by the parties prior to its submission to the court.

On June 7, 2012, the district court entered an order nunc pro tunc changing paragraph 15 to order alimony for 72 months, instead of 60 months. In the order, the trial court stated that negotiations between the parties prior to the stipulation were not relevant as there was no ambiguity or discrepancy when the parties agreed at trial to alimony for 6 years. The court found Tracey met her burden of proof, and the court's order nunc pro tunc was issued to correct the record to reflect what actually happened at trial. This appeal by Steven followed.

## ASSIGNMENT OF ERROR

Steven's assignments of error, consolidated and restated, are that the trial court erred in amending the decree of dissolution of marriage through an order nunc pro tunc, and the effect was to revise a final order, rather than correct an error.

## STANDARD OF REVIEW

When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court. *Allen v. Immanuel Med. Ctr.*, 278 Neb. 41, 767 N.W.2d 502 (2009).

## ANALYSIS

Neb. Rev. Stat. § 25-2001 (Reissue 2008) gives a district court the power to vacate or modify judgments or orders. Specifically, § 25-2001(3) states in part:

Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court by an order nunc pro tunc at any time on the court's initiative or on the motion of any party and after such notice, if any, as the court orders.

A nunc pro tunc order operates to correct a clerical error or scrivener's error, not to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even if such order was not the order intended. *Bevard v. Kelly*, 15 Neb. App. 960, 739 N.W.2d 243 (2007).

The true function of an order nunc pro tunc is to correct the record which has been made, so that it will truly record the action really had, but which through some inadvertence or mistake has not been truly recorded. *Andrews v. Nebraska State Railway Commission*, 175 Neb. 222, 121 N.W.2d 32 (1963). In other words, it is an order to make the record speak the truth. *Id.*

In *In re Interest of Antone C. et al.*, 12 Neb. App. 466, 677 N.W.2d 190 (2004), the record showed that the court stated approval of the fees and expenses represented in the exhibits, and the court's order accurately memorialized that approval. The court issued a subsequent order nunc pro tunc changing or revising the first order, and this court rejected an order nunc pro tunc being used for that purpose.

In contrast, the order nunc pro tunc was issued in this case to correct the decree, which did not accurately reflect the parties' stipulation at trial. The parties clearly agreed that "[Steven] will pay [Tracey] alimony of $800.00 a month for six years," the court confirmed their assent to the terms as stated, and the court accepted their agreement. Further, the court confirmed the parties understood that the agreement and its effect would be binding upon them. There is no ambiguity or discrepancy on the record; the parties agreed to alimony for a period of 6 years, or 72 months. The fact that the decree does not match the stipulation is clearly a clerical error, and the court's order nunc pro tunc was not an error.

Steven also asserts that an order nunc pro tunc was not proper, because "[t]here is absolutely no purpose in having a written Decree, approved by the parties and the Court as the final judgment in the matter, if the same can be changed and extended based on the oral statements made to the Court by Appellee's Counsel." Brief for appellant at 10. However, as stated above, § 25-2001(3) expressly provides that the court may correct clerical errors *at any time* either on the court's initiative or on the motion of any party. The court did not err, despite the fact that several years had passed since the decree was filed.

CONCLUSION

We find the district court did not err in issuing an order nunc pro tunc to correct a clerical error in the parties' decree of dissolution of marriage to accurately reflect the parties' stipulation at trial.

AFFIRMED.